HANNAH, *Appellant*, v. THE MOBERLY BANK.

1. **Corporation**: STOCKHOLDER'S LIABILITY: POWERS OF SHERIFF ACTING AS RECEIVER. A sheriff, acting as receiver of the effects of a corporation by virtue of an appointment made by the court under Gen. Stat. 1865, secs. 20 and 21, p. 642, (Wag. Stat., p. 606,) has no power, by suit in his own name, to enforce the liability of a stockholder to the corporation for unpaid stock which is not due according to the terms of his subscription, and for which no call has been made by the directors. The subscription which creates his liability is not an evidence of indebtedness to the corporation within the meaning of these sections of the statute, and it is only evidences of indebtedness that they allow him to sue upon and collect. The power to enforce such liability cannot be conferred upon the sheriff by an order of court, or by an agreement among the judgment creditors of the corporation.

2. **Stockholder's Liability, how Enforced**: EXECUTION: GARNISHMENT. The liability of a stockholder in a bank for unpaid stock which is not due according to the terms of his subscription and for which no calls have been made by the directors, cannot be seized and collected under an execution against the bank. In a proceeding at law for the satisfaction of a judgment, such liability can only be reached by a special execution awarded under the statute, against the stockholder himself, in default of assets of the bank whereon to levy. Gen. Stat. 1865, p. 328, sec. 11; Wag. Stat., p. 291, sec. 13. But if the stockholder is in default to the bank for installments due on his stock, or for calls made by the directors, he stands in the attitude of any other debtor to the bank, and his debt may be seized and collected by suit, under execution against the bank, or it may be reached by garnishment.

*Appeal from Randolph Circuit Court.*—Hon. G. H. Burck-
HARTT, Judge.

*McCanne & Rutherford* and *H. S. Priest* for appellant.

*N. A. Martin* and *Reed & Terrill* for respondents.

Hough, J.—This was an application by John F. Han-
nah, a judgment creditor of the Moberly Bank, for execu-
tion against one of its stockholders, there being, as he
alleged, no property or effects of the bank whereon to
levy. The application was denied and plaintiff has ap-
pealed.

It is agreed that the facts in this case are as follows:
That at the January term, 1875, of the circuit court of
Randolph county the Moberly Bank, then a corporation
organized under the general laws of the State of Missouri
for banking purposes, was largely indebted to various per-
sons for money on deposit, among whom was plaintiff
herein; and at said January term, 1875, of said court
said Moberly Bank came into court, by its attorney, and
confessed judgment separately in favor of all its creditors,
among whom was plaintiff, and all of said judgments were
entered up and severally consented to by said creditors and
plaintiff; and it was then the agreement and understand-
ing that W. H. Williams, who was then acting sheriff of
Randolph county, should take charge of all the property,
effects and assets of every kind belonging to the said
bank, under executions issued separately on said confessed
judgments, and realize on said property and effects, and
apply the same ratably on all such judgments and execu-·
tions; to all of which plaintiff was a party, and to all of
which he consented; and that said W. H. Williams, as
sheriff as aforesaid, under the executions issued on the
judgments aforesaid, did proceed to and did take posses-
sion of and seize and levy upon all the goods, chattels, ef-

fects, property and credits of the Moberly Bank, including all the stock of said Moberly Bank. Whereupon the court, of its own motion, appointed said Williams receiver of said Moberly Bank, and, as such receiver and sheriff aforesaid, said Williams did proceed to realize on all said property and effects, and did realize on the same, and did dispose of all property and effects of said Moberly Bank, including all choses in action, bonds, bills, notes, accounts, except the stock subscription books or unpaid stock owned by stockholders, as shown by the stock books then in his hands under said levies, and paid out the proceeds ratably on all said judgments and executions, to all of which plaintiff was a party and consented, and received his *pro rata;* after which there remained due and unpaid on said judgments and executions, and are still unpaid and owing, large sums; and made report of all his said proceedings, on the 15th day of February, 1877, to said court, stating therein that he had exhausted the assets of said defendant, Moberly Bank, and asking to be discharged; which report was overruled, and the following order made and entered of record, which said order is in words and figures as follows, to-wit:

George W. Keebaugh *et al.,* plaintiff, *v.* Moberly Bank, defendant.

On motion for execution against stockholders.

Now, at this 15th day of February, 1877, come the parties, by their attorneys, and the motion heretofore filed by defendant, requiring W. H. Williams, sheriff of Randolph county, to amend the report heretofore filed by him as to collecting against Moberly Bank, is considered by the court and by said court sustained, and thereupon said report is amended so as to show that the stock books of said bank, containing subscription of unpaid stock, were levied on by him, under certain executions in favor of plaintiff, on the —— day of ———, 1876, and that said stock books are now in his possession; and the said sheriff, by leave of court first had and obtained, having amended

his returns on said executions in conformity to the facts, it is, therefore, ordered that W. H. Williams be and is hereby appointed receiver of said Moberly Bank, with full power to collect its assets, including all unpaid stock, and he is hereby ordered to proceed at once to collect the same and hold the proceeds subject to the further orders of this court, and all motions for executions in favor of plaintiff against the stockholders of said Moberly Bank are continued until the next term of this court; to all of which plaintiff was a party. Then and there plaintiff's counsel objected to the form of the order, but took no appeal therefrom.

Plaintiff, on the 5th day of February, 1877, filed his proper motion in said Randolph circuit court, in term time, setting forth fully that defendant was a corporation; that a judgment as aforesaid had been recovered by plaintiff, and execution issued thereon, and that defendant was insolvent, and that said execution had been returned, and that no property could be found whereon to levy further executions, and that the sum of fifteen hundred and sixty-one and twenty-six-hundredths dollars ($1,561.26) and interest thereon was yet due plaintiff on his said judgment, and praying the court for an order for an execution in favor of plaintiff and against W. R. Samuel, a stockholder of defendant, for the amount of the unpaid stock, amounting to the sum of $400; said motion setting forth all matters and facts necessary to set forth in making such an application; that a copy of said motion, with a notice to said W. R. Samuel, was duly served upon him on the 20th day of January, 1877, said notice stating particularly the time and place of filing and submitting said motion in said Randolph circuit court, and all things necessary to be stated in said notice, and return of service thereof duly made by the sheriff of Randolph county; that said motion for execution was not determined at said February term, 1877, of court, but was continued generally to the next term of the court, to-wit: September term, 1877; that

at the September term—to-wit: on the 10th day of September, 1877—in term time, said W. H. Williams, sheriff aforesaid, as and in his capacity of receiver of the Moberly Bank, defendant, filed his suit against the said W. R. Samuel, stockholder, for the amount of his unpaid stock, to-wit: the sum of $400; that said W. R. Samuel, on the same day—to-wit: the 10th day of September, 1877—voluntarily appeared and filed his answer in said cause, and asked for a trial of the same; that his answer confessed that he owed Moberly Bank, defendant, $400, balance due on unpaid stock, and made tender of said amount in court, subject to the court's orders; that on the submmission of said cause to the court, on the 11th day of September, 1877, the court rendered judgment in favor of said receiver and against W. R. Samuel, stockholder, and ordered the money, four hundred dollars, ($400,) paid over to the receiver, subject to the order of the court, which was done in accordance with said order of court; that plaintiff, on the 12th day of September, 1877, at the same term of the court, submitted to the court his said motion for execution against said W. R. Samuel, stockholder, and all the facts and matters herein stated and referred to were made to appear in evidence by the plaintiff, and the further fact of the institution of the said suit by the receiver, W. H. Williams, against said W. R. Samuel, stockholder, for the balance of unpaid stock, was submitted in evidence, upon which the said W. H. Williams was made a party defendant in said cause, and plaintiff then filed in the cause a motion, in supplement of his original motion, asking that the said judgment against said W. R. Samuel be set aside, or that the said W. H. Williams, receiver, be ordered to apply said money in his hands—to-wit: four hundred dollars, ($400,) paid by said W. R. Samuel in payment of his unpaid stock, upon the execution prayed for by plaintiff in this cause, and that said W. H. Williams make such application of said funds as sheriff in charge of the execution applied for in this cause.

It is further agreed and submitted that all judgments, as well as plaintiff's, upon which executions have been issued from said court and against the Moberly Bank, defendant, were individual judgments for debt, (had as other judgments at law,) and that all the executions up to the time of filing this motion for execution against the said stockholders were, by order of the court, and under the levies, sales and collections made by said sheriff, kept on an equal footing, and the proceeds thereof ratably distributed on the executions of all the judgment creditors; that upon the submission of this motion for execution, and the said motion in supplemental thereto, the court, after hearing and considering the whole matter, finds that the said W. H. Williams has full power, under his said appointment as receiver, to collect the unpaid stock due by stockholders of the Moberly Bank, defendant, by suit or otherwise, and that the proceeds of such unpaid stock in the premises must go to each of the judgment creditors in the proportion of the amounts of their judgments respectively; and that the unpaid stock in the premises is assets, and that W. H. Williams, as receiver, is the only proper party in the premises to enforce payment of said unpaid stock. The court, therefore, overrules said motion for execution in favor of plaintiff and against the said W. R. Samuel, stockholder of defendant, together with the motion in supplement thereof aforesaid, and orders judgment entered accordingly as final. To the ruling of the court in overruling said motion for execution, and the said supplemental motion the plaintiff then and there at the time excepted.

If the receiver appointed by the court was authorized to collect by suit against the stockholders the amount remaining unpaid on the shares of stock owned by them, and apply the same to the executions in his hands, the court committed no error in overruling the plaintiff's motion for execution against the stockholders; otherwise it erred.

1. CORPORATION: stockholder's liability: powers of sheriff acting as receiver.

Since the adoption of the constitutional amendment in 1870, abolishing the double liability imposed by the constitution of 1865, a stockholder can only be proceeded against individually for the amount of his unpaid stock. It is provided by the 11th section of chapter 62 of the General Statutes, in relation to private corporations, that "if any execution shall have been issued against the property and effects of a corporation, and if there cannot be found whereon to levy such execution, then such execution may be issued against any of the stockholders," &c.

The 29th section of the General Statutes, in relation to corporations, page 331, is as follows: "The process upon a judgment against any corporation shall be a *fieri facias*, which the sheriff or other officer shall levy on the moneys, goods and chattels, lands and tenements of such corporation, and proceed thereon as in civil cases." Sections 20 and 21 of the statute in relation to executions, page 642, are as follows: "All account-books, accounts, notes, bills, bonds, certificates of deposit and other evidences of debt belonging to a debtor shall be liable to seizure, and, when seized, shall be placed in the hands of a suitable person, to be appointed by the court, or judge thereof in vacation, as a receiver, who shall take the same oath, execute like bond, have and perform the same powers and duties, and be subject, with his securities, to the same provisions and penalties, in all respects, as in the case of a receiver and his securities appointed in virtue of the statute providing for suits by attachment."   "When a receiver is not appointed, the officer holding the execution shall have all the powers and perform all the duties of a receiver under the preceding section, and may commence and maintain actions in his own name as such officer on debts or evidences of debts seized." The statute regulating receivers in suits by attachment provides that "when notes, bills, books of account, accounts or other evidences of debt are attached, they shall be delivered to the receiver, who shall proceed to settle and collect the same, and for that

purpose may commence and maintain actions on the same in his own name."

The receiver, Williams, was appointed in pursuance of sections 20 and 21 of the execution law above quoted, and no order of the court could enlarge the power conferred on him by statute. The order of the court, therefore, directing him to sue the stockholders, is of no moment, and we have only to inquire whether, under the authority conferred by the statute relating to executions, he had the right to institute such suits.

It is claimed by the defendant that the stock book seized by the sheriff, containing subscriptions for unpaid 2. STOCKHOLDER'S stock, was an evidence of debt, or rather con-
LIABILITY, HOW
ENFORCED: exe- tained evidences of debt, within the meaning
cution: garnish-
ment. of the 20th section. If these stock subscriptions were such evidences of debt, belonging to the debtor, the Moberly Bank, as were intended by said section, then they were subject to seizure under execution against the bank, and could be collected by the receiver ; and, in this view of the case, it is quite evident that, so long as there was a single shareholder liable to be called on for a single dollar of unpaid stock, there would be something whereon to levy under an execution against the bank.

Now, under the corporation law, it is only when there is nothing whereon to levy, under execution against the bank, that the judgment creditor can ask the court for an execution against the stockholder. Is it not patent, then, that under this construction no execution could ever issue against a stockholder on account of his unpaid stock, and that the 11th section of the general corporation law would be rendered entirely nugatory ? But this section and the section cited from the chapter on executions are in *pari materia*, and must be so construed as to stand together. Construing these sections together, we think it obvious that the liability of the stockholder to the bank for unpaid stock which is not due according to the terms of his subscription, and for which no calls have been made by the

directors, cannot be seized and collected under an execution against the bank; and in a proceeding at law for the satisfaction of a judgment, such liability can only be reached by a special execution awarded under the statute,' against the stockholder himself, in default of assets of the bank whereon to levy.

Where the stockholder is in default to the bank for installments of stock, or for calls made by the directors, he stands in the attitude of any other debtor to the bank, and his debt may be seized and collected by suit, under execution against the bank, or be reached by garnishment. Such, however, does not appear to be the case here. The agreement of the parties that the sheriff should take charge of all the property, effects and assets of every kind belonging to said bank, under the executions issued on the judgments confessed by it, and apply the proceeds of the same ratably on all such judgments and executions, could not confer upon the sheriff or receiver authority to institute suits against stockholders when, but for such agreement, he would have no such authority; and said agreement must, therefore, be restricted in its application to such effects and liabilities of the bank as the sheriff was, by law, authorized to collect. However desirable it may be that the entire capital of the bank should be distributed ratably among its creditors, there are some forms of proceeding in which this cannot be done. A proper agreement of the parties, or some other form of proceeding, might have accomplished that result. As the matter now stands, so far as the liability of the stockholders is concerned, it is a race of diligence. We are of the opinion that the plaintiff, Hannah, was entitled to an execution against the stockholders, and the judgment of the circuit court will, therefore, be reversed and the cause remanded. All concur.

REVERSED.