STATE of Missouri ex rel. EAGLE OIL COMPANY, Relator,

v.

The Honorable Daniel T. TILLMAN, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.

No. 51208.

Missouri Court of Appeals, Eastern District, Division Five.

May 6, 1986.

Motion for Rehearing and/or Transfer Denied June 4, 1986.

Application to Transfer Denied July 15, 1986.

Mary V. Schmidtlein, St. Louis, for relator.

Matthew J. Padberg, St. Louis, for respondent.

SMITH, Presiding Judge.

Relator, Eagle Oil Company, seeks our writ of prohibition to prevent respondent from proceeding further against it in an underlying personal injury suit. The plaintiffs in that case sought damages suffered by the husband on January 7, 1982, from the ignition and explosion of a solvent manufactured by Ashland Oil Company and distributed by Eagle. That suit was filed on September 11, 1985. Relator filed a verified motion to dismiss and quash and attached thereto an abstract of the corporate records of Eagle Oil Company from the Secretary of State of Missouri. That abstract showed the incorporation of Eagle on July 2, 1979 with a perpetual charter, the filing of articles of dissolution on November 24, 1982, and the liquidation of the corporation on October 25, 1983. The mo-

tion to dismiss was premised upon the provisions of Sec. 351.565 RSMo 1978, and the failure of plaintiffs to sue within the time frame established by that Section. The trial court denied the motion to dismiss and to quash. We issued our preliminary order in prohibition, which we now make permanent.

Sec. 351.565 reads as follows:

"The dissolution of a corporation either by the issuance of a certificate of dissolution by the secretary of state or by the decree of a court of equity when the court has not liquidated the assets and business of the corporation, or by expiration of its period of duration, shall not take away or impair any remedy available to or against such corporation, its directors or shareholders, for any right or claim existing or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within two years after the filing of the articles of dissolution in the office of the secretary of state, or at any time prior to the filing of articles of liquidation in the office of the secretary of state, whichever date is later, or within two years after the expiration of the period of the corporation's duration, or if commenced at any time prior to the entry of a final decree of dissolution by a court of equity. Any such suit or proceedings by or against the corporation may be prosecuted or defended by the corporation in its corporate name."

This statute is in derogation of the common law under which the dissolution of a corporation abates all legal actions. *Poliquin v. Sapp*, 72 Ill.App.3d 477, 28 Ill.Dec. 615, 390 N.E.2d 974 (1979) [7]. Clearly this action was filed more than two years after filing of the articles of dissolution and after the filing of the articles of liquidation. The corporation was not dissolved by court order. Respondent contends that the suit was timely filed because the filing occurred

"within two years after the expiration of the period of the corporation's duration." This contention is based upon an interpretation of "duration" as synonymous with "existence." Respondent concludes the date the articles of liquidation are filed is the end of the corporation's existence i.e., "duration" and suit can be filed two years thereafter. There are no Missouri cases which address this contention directly.[1] Our determination of the issue must be based upon an interpretation of the statute and the legislative intent.

■ If the interpretation urged by the respondent is correct, then the two years after "duration" provision renders the other limitation provisions of the statute meaningless surplusage. The statute by its language contemplates three different methods by which a corporation may be dissolved. One is by voluntary action of the corporation itself (Sec. 351.460), a second is by a court of equity (Sec. 351.485) and a third is by expiration of the period of time specified in the articles of incorporation (Sec. 351.385, 351.542, 351.543). This third method is referred to at the beginning of Sec. 351.565 as "expiration of its period of duration." The term "duration" is also utilized in Secs. 351.085(2), 351.542 and 351.543 when referring to the period of the corporation's existence provided for in its articles of incorporation. We are unable to conclude that the phrase "expiration of the period of the corporation's duration" utilized at the end of Sec. 351.485 was intended to mean something different than is meant by the term "duration" when utilized in the same statute and throughout the corporation code. The reasonable interpretation of Sec. 351.565 is that it provides the following periods within which suit can be brought: (1) in a voluntary dissolution pursuant to Sec. 351.-460 et seq.—within two years of the filing of the articles of dissolution or prior to the

1. Respondent relies upon *Frank Dusselier Basement Builders, Inc. v. Gwico Builders, Inc.,* 449 S.W.2d 865 (Mo.App.1969). That case dealt with whether Sec. 351.565 extended the limitations period of the mechanics lien law. The court did not reach, and did not need to reach, the question posited in this case. We do not find the court's one sentence dictum summary of the meaning of Sec. 351.565 binding or persuasive.

filing of the articles of liquidation whichever is later, (2) in a court ordered dissolution pursuant to Sec. 351.485 et seq.—prior to the entry of a final decree of dissolution, and (3) where dissolution occurs as a result of the expiration of the time specified in the articles of incorporation—within two years of that date. It should also be observed that this third limitation period corresponds to the period during which an expired corporation can seek an extension of its existence pursuant to Sec. 351.542.

This interpretation is also consistent with the history of the corporate code. Prior to 1943, upon dissolution of a corporation, recourse was against the officers and directors of the corporation as trustees to the extent of property of the corporation in their possession or against stockholders for unpaid subscriptions of stock. Sec. 2513 RSMo 1889, Sec. 2519 RSMo 1889, Sec. 5036 RSMo 1939, Sec. 5050 RSMo 1939, *Schricker v. Ridings*, 65 Mo. 208 (1877); *Hannah v. The Moberly Bank*, 67 Mo. 678 (1878) 1.c. 684. A corporation could be dissolved only by the entry of a judgment by the circuit court except upon unanimous vote of the shareholders. Sec. 5037, RSMo 1939. Prior to 1939, a corporation's existence was limited to 50 years. Sec. 2768 RSMo 1889. In 1939 an alternative of perpetual existence was allowed. Sec. 5338, RSMo 1939.

In 1943 a major revision of the corporate code occurred. The articles could still provide for limited or perpetual existence and corporations were given authority to change the period of duration. L.1943, p. 410, Sec. 50 and 55, Secs. 351.055 and 351.085 RSMo 1949. Dissolution of the corporation did not bar suit against the corporation itself. The corporation could sue or be sued in its own name and the statutes specifically authorizing suit against the directors as trustees and against the stockholders were repealed. L.1943, p. 410, Sec.

95. All actions were combined into the new survival statutes. *Id.* Dissolution of the corporation could occur by voluntary dissolution, involuntary dissolution, or by expiration of the period of duration. *Id.* Any suit by or against the dissolved corporation had to be brought within two years of the dissolution. *Id.*

In 1965, the survival statute, Sec. 351.565, was further amended as to voluntary dissolution to provide for the present limitation of the later of two years after filing the articles of dissolution or prior to the filing of the articles of liquidation. L.1965, p. 532, Sec. 351.565.[2] The two year limitation after expiration of the period of the corporation's duration remained the same. *Id.* By providing that the filing of the articles of liquidation would serve as a cut-off on actions, the statute would, under many or most circumstances, require the filing of suit prior to the distribution of assets of the dissolved corporation. Sec. 351.475.

■ We believe this legislative history establishes a clear intent in recent years to differentiate between voluntary dissolutions, court ordered dissolutions and those caused by the termination of the corporation's duration provided in its articles of incorporation. Sec. 351.565 manifests this difference in treatment. There are logical reasons for this difference. We therefore conclude that an action against this dissolved corporation had to have been commenced within two years of November 24, 1982. This suit was not brought within that time.[3]

■ Respondent contends that prohibition does not lie here to preclude the respondent from refusing to dismiss the underlying lawsuit, citing *State ex rel. Morasch v. Kimberlin*, 654 S.W.2d 889 (Mo. banc 1983). We disagree. The provisions

---

**2.** We note that the 1965 amendment also treats dissolution by court decree differently than the other two methods of dissolution.

**3.** Respondent has presented a hypothetical situation intended to demonstrate the harshness of the interpretation herein made. Without passing on the validity of the legal conclusions posited in that hypothetical, it is sufficient to say that any harshness arises from the statute as enacted and in any event the statute is no more harsh than the common law rule which preceded it.

of Sec. 351.565 are not statutes of limitation. They are survival provisions establishing when the dissolved corporation ceases to be an entity against which suit can be filed. *Poliquin v. Sapp, supra.* Sec. 351.565 does not establish a condition precedent to the establishment of plaintiff's cause of action but rather determines the capacity of the defendant to be sued. Relator no longer exists and it is beyond the jurisdiction of respondent to allow a suit to proceed against a legally non-existent entity. Prohibition is proper to prevent the exercise of non-existent jurisdiction.

We have reviewed respondent's other argument and find it without merit.

Writ of prohibition made permanent.

SATZ and CRANDALL, JJ., concur.