Frank C. SMITH, et ux., Appellants,

v.

OVERHEAD DOOR CORPORATION OF TEXAS, d/b/a Horton Automatics, a/k/a Dallas Corporation and Dallas Overhead Door, Inc., Door Closure Service, Harding Glass Industries, Inc., Builders Glass and Products Company, and Consumers Market, Respondents.

No. WD 46913.

Missouri Court of Appeals,
Western District.

June 29, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 31, 1993.

Charles Edward Weedman, Jr., Harrisonville, for appellants.

Timothy W. Monsees, James P. Barton, Jr., R. Michael Steele, Lance Wolf Lefevre, Kansas City, George R. Lilleston, Clinton, Robert E. Gould, Kansas City, for respondents.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Before Frank C. Smith and his wife could get their personal injury suit to trial, they lost all of their defendants. They first sued Consumers Market in Clinton after the market's automatic doors closed on Smith on July 11, 1984, and injured him. They sued only Consumers on October 25, 1985, under a general theory of landowner's liability, but Consumers later impleaded Overhead Door Corporation, Harding Glass Company of Warrensburg, Builders Glass and Products Company and Door Closure Service.

The Smiths did name Overhead Door and Door Closure as additional defendants to their petition, but not until October 23, 1989. Their alternative cause of action against the new defendants was general negligence or strict liability, or both. On February 6, 1990, Consumers filed a motion for summary judgment arguing that it had no knowledge that the door was defective. On June 11, 1990, the trial court granted the motion and entered judgment in favor of Consumers on the pertinent counts of the Smiths' petition.

On March 23, 1992, the trial court granted the Smiths leave to file a second amended petition which contained new allegations of negligence directed towards Harding Glass, Builders Glass, and Door Closure. On April 30, 1992, Harding Glass filed a

motion to dismiss which contended that the statute of limitations barred the Smiths' suit. On May 11, 1992, the trial court granted Harding Glass' motion to dismiss. Overhead Door, Builders Glass, and Door Closure later filed their own motions to dismiss contending that the statute of limitations had expired, and on September 25, 1992, the trial court granted the motions to dismiss. The Smiths were suddenly without any defendants.

The Smiths ask us to reverse the dismissals.[1] They contend that the "relation back rule" should spare them from the statute of limitations. Rule 55.33(c) sets out the rule:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against him and serving him with notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In *Windscheffel v. Benoit*, 646 S.W.2d 354 (1983), the Missouri Supreme Court held that Rule 55.33(c) applies only to amendments changing the party against whom a claim is asserted—not to an amendment which seeks to add a party. The court stated:

[For Rule 55.33(c)] to apply, plaintiff must have made a mistake in selecting the proper party to sue, i.e. plaintiff must have brought an action against the wrong party.... Rule 55.33(c) is a remedy for a mistake in *identity* and the

remedy is a *change* in party. Plaintiff here made no mistake in identity nor does he argue any such mistake. Moreover, he does not seek to *change* parties; he seeks to add one. The rule is wholly inapplicable to plaintiff's case.

*Id.* at 357 (emphasis in original). Similarly, in *Shroyer v. McCarthy*, 769 S.W.2d 156, 159 (Mo.App.1989), this court held that "Rule 55.33(c) applies only to amendments changing the party against whom a claim is asserted; the rule is inapplicable to the case in which a plaintiff seeks to add a party."

The Smiths in this case sought to add parties, Overhead Door, Builders Glass, and Door Closure, and to change legal theories from landowner liability to negligence and products liability when it filed its amended petition against the defendants. The Smiths were aware for more than three years of the defendants' presence in the lawsuit through Consumers' third-party petition. Yet, they pursued their claim based on a theory of landowner liability and never made a claim against the defendants under negligence or products liability until after the statute of limitations had expired.

The Smiths do not contend that they were mistaken about the defendants' identities when they filed their original petition against Consumers for landowner's liability. There was no mistake in identity, but a tactical change in parties and legal theories of liability when the first amended petition was filed. As this court stated in *Bates v. Law Firm of Dysart, Taylor, Penner, Lay and Lewandowski*, 844 S.W.2d 1, 3–4 (Mo. App.1992):

Relation back has historically been applied to situations involving a correction of a misnomer.... While the use of relation back to change a party defendant may be broader than the mere correction of a misnomer, it is still necessary that a mistake "concerning the identity of the proper party" be the reason for the failure to timely plead.

---

1. On February 24, 1993, the Smiths filed a motion to dismiss their appeal against Consumers and Harding Glass. This court granted that motion on February 26, 1993.

We conclude, as we did in *Bates*, that the amendment in this case attempting to add Overhead Door, Builders Glass and Door Closure to the lawsuit was not a correction of a mistake as to the identity of the proper party defendant, but was an attempt to change strategy. The Smiths failed to show, as required by Rule 55.33(c), that Overhead Door, Builders Glass and Door Closure knew or should have known that, in the absence of a mistake concerning the proper parties' identity, the action would have been instigated against them. The Smiths' amended petition does not relate back to the original lawsuit against Consumers.

The Smiths argue that because Overhead Door, Builders Glass and Door Closure engaged in extensive discovery and actively defended their petition before the statute of limitations expired, they had notice of the Smiths' claim. The defendants acknowledge receiving notice of the Smiths' claims before the statute of limitations expired, but it is insignificant in curing the Smiths' dilemma. The Smiths' lack of mistake in identifying the defendants renders their contention without merit.

Because Rule 55.33(c) does not apply, the statute of limitations barred the Smiths' cause of action against Overhead Door, Builders Glass and Door Closure. Section 516.120, RSMo 1986, requires a personal injury plaintiff to commence his action within five years. The Smiths waited five years and three months to commence their action against the defendants. The statute of limitations barred their action.[2] The judgment of the trial court is affirmed.

All concur.

---

**2.** Because this point is dispositive, it is unnecessary for us to address Door Closure's contention that the trial court erred in denying its first motion for summary judgment independent of any statute of limitations problem because of evidence that the Smiths had submitted a claim to the Missouri Guaranty Association which statutorily released Door Closure.