**STATE of Missouri, ex rel. T.C. TANG, M.D., Relator,**

v.

**Honorable Dorman STEELMAN, Judge, 42nd Judicial Circuit, Dent County, Missouri, Respondent.**

No. 19890.

Missouri Court of Appeals,
Southern District,
Division Two.

April 27, 1995.

J. Michael Ponder, of Oliver, Oliver & Waltz, P.C., Cape Girardeau, MO, for relator.

Jerry Twitty, of Murphy & Twitty, Columbia, MO, for respondent.

PREWITT, Judge.

The underlying action was brought by Harriet Smith against Relator and Salem Memorial District Hospital. The initial petition filed October 5, 1993, sought damages for the wrongful death of Petitioner's father, Harry Pyle Boyd, due to the alleged negligence of Relator and defendant hospital. Two days later Plaintiff filed "First Amended Petition for Damages", reciting that it was brought by her "both in her individual capacity as the surviving daughter of Harry Pyle Boyd, and in her capacity as the prospective personal representative of the estate of the Decedent ...". The amended petition sought damages for the lost chance of survival and recovery of Harry Pyle Boyd.

Decedent was treated by Dr. Tang at defendant hospital on October 7th and 8th, 1991, where he died on the latter day. The

record indicates that on January 25, 1994, following her application on November 12, 1993, Plaintiff was appointed personal representative of decedent's estate.

A Motion to Dismiss filed by defendant hospital was sustained, the grounds not being apparent from the record. A motion filed by Relator apparently contended that Harriet Smith was not a proper party to an action for lost chance of recovery, lacked standing, and that the action should be dismissed because the two-year statute of limitations under § 516.105 RSMo1986, pertaining to health care providers, had lapsed. Following the denial of Relator's motion, he sought and received a Preliminary Order in Prohibition.

■ Although as earlier noted, Plaintiff apparently was named personal representative of the decedent's estate, no amended petition reciting this fact was sought or filed. Relator contends here that the trial court erred in overruling his Motion to Dismiss because Plaintiff in the underlying action "lacks standing to bring a lost chance of survival action under § 537.020, § 473.070, or § 537.021, and that under these authorities and under *Wollen v. De Paul [Health Center,* 828 S.W.2d 681 (Mo. banc 1992)], a lost chance of survival action is vested exclusively in the duly-appointed personal representative ...".[1]

■ A lost chance of survival action must be brought by the personal representative of the decedent's estate under § 537.020.1 RSMo1986. *Wollen,* 828 S.W.2d at 686. In 1993, § 537.021 was amended to provide for the appointment of a "plaintiff ad litem" to bring certain actions. *See* § 537.021 RSMo. Supp.1993. No attempt has been made for such an appointment, according to the record before us.

■ Prohibition is a proper remedy when an action is brought by a party who lacks

standing. *State ex rel. Stifel, Nicolaus & Co., Inc. v. Clymer,* 522 S.W.2d 793, 798 (Mo. banc 1975); *see also State ex rel. Eagle Oil Co. v. Tillman,* 712 S.W.2d 20, 22–23 (Mo. App.1986).

Although Smith is the same person who has been appointed personal representative, she as an individual and she as personal representative are legally separate. *See Wollen,* 828 S.W.2d at 686; *State ex rel. Jewish Hospital of St. Louis v. Buder,* 540 S.W.2d 100, 105 (Mo.App.1976). No action has been brought by her as personal representative, and she has no standing to bring this action in her individual capacity as the decedent's daughter. Therefore, this action should not proceed on the First Amended Petition.[2]

The preliminary order is modified so that Respondent is to proceed no further upon the First Amended Petition, except to enter an order dismissing same. As so modified the preliminary order is made permanent.

GARRISON, P.J., and PARRISH, J. concur.

---

1. "Standing to sue is an interest in the subject of the suit, which if valid, gives that person a right to relief." *Earls v. King,* 785 S.W.2d 741, 743 (Mo.App.1990).

2. *Wollen* indicates that the Plaintiff there might amend to bring an action if she is the personal representative "or can qualify as such", although it was more than two years since the alleged negligence and death. The two-year limitation on actions against health care providers, § 516.105 RSMo1986, was not discussed. Whether an amended petition should be allowed here is not an issue before us, nor is prohibition proper where a judge refuses to dismiss an action on the basis of the statute of limitations. *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983).