Kenneth **CALDWELL, Shirley Caldwell, and Kenneth Caldwell, as Plaintiff ad litem, Plaintiffs/Appellants,**

v.

**LESTER E. COX MEDICAL CENTERS–SOUTH, INC., Jeffrey S. Wheeler, M.D., and Richard Seagrave, M.D., Defendants/Respondents.**

No. 20831.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 27, 1997.

Motion for Rehearing or Transfer
Denied March 17, 1997.

---

Glenn R. Gulick, Jr., Hershewe & Gulick, P.C., Joplin, for Plaintiffs/Appellants.

Richard E. Dorr, Dorr, Baird and Lightner, P.C., Springfield, for Respondent Wheeler.

Lisa A. Ghan, Gerald H. Lowther, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., Springfield, for Respondent Lester E. Cox Med. Ctr.

Before BARNEY, P.J., and SHRUM and PREWITT, JJ.

PER CURIAM.

Appellants Kenneth Caldwell and Shirley Caldwell and Kenneth Caldwell as Plaintiff ad litem (Plaintiffs) appeal from an order entered by the trial court striking and dismissing Counts II, III, IV and V of their third amended petition against Respondent Lester E. Cox Medical Centers–South, Inc., (Cox Medical) and dismissing Counts III and V of the same petition against Respondent, Dr. Jeffrey S. Wheeler (Wheeler).[1] Plaintiffs raise two points of trial court error, discussed below. We affirm.

---

1. Respondent Dr. Richard Seagrave has yet to ask the trial court to rule upon his defenses based on the running of the statute of limitations, §§ 516.105 and 537.100, RSMo 1986. The trial court has expressly determined that its order of October 31, 1995, as amended, striking and dismissing Plaintiffs' Counts II through V, is final for purposes of appeal; the trial court also has found and determined that there is no just reason for delay of Plaintiffs' appeal.

Plaintiffs Kenneth Caldwell and Shirley Caldwell are the surviving parents of Marshall Caldwell, who passed away on January 3, 1990. These same Plaintiffs filed a petition in wrongful death, § 537.080,[2] on February 4, 1992, against Cox Medical, Wheeler and Dr. Richard Seagrave (Seagrave) for negligent care of their son.

On June 22, 1992, Plaintiffs Kenneth and Shirley Caldwell filed a first amended petition in wrongful death against Defendants and added additional Defendants, not pertinent to the appeal herein. Thereafter on February 11, 1993, Plaintiffs Kenneth and Shirley Caldwell filed their second amended petition against Cox Medical, Wheeler and Seagrave, pleading the original wrongful death action in Count I. Count II sought damages against Cox Medical for its violation of 42 U.S.C. § 1395dd (the Federal Patient Anti–Dumping Act) and for the first time sought damages for lost chance of survival. Count III sought damages against Cox Medical, Wheeler and Seagrave for lost chance of survival.

On April 2, 1992, the Missouri Supreme Court gave recognition to "a cause of action for lost chance of recovery in medical malpractice cases." *Wollen v. DePaul Health Ctr.*, 828 S.W.2d 681, 685 (Mo. banc 1992).[3] The court stated that such a cause of action was to be brought by the personal representative of the decedent's estate, in accordance with the provisions of the survivorship statute then in existence. *Id.* at 686; *see also* § 537.020.

Effective August 28, 1993, the Missouri General Assembly codified the Missouri Supreme Court's decision in *Wollen* establishing "lost chance of recovery or survival" as a cause of action. *See* § 537.021.1(1), RSMo 1993. The statute also provided for an appointment of either a plaintiff ad litem or a personal representative to pursue the cause of action.

Thereafter, on July 27, 1994, Plaintiffs filed their third amended petition. Count I consisted of the previous wrongful death action. In Count II, Plaintiffs Kenneth and Shirley Caldwell sought damages against Cox Medical under a lost chance of survival claim and for a Federal Patient Anti–Dumping Act claim. In Count III, Plaintiffs Kenneth and Shirley Caldwell sought damages against Defendants for lost chance of survival. In Count IV, Plaintiff ad litem sought damages against Cox Medical for violation of the Federal Patient Anti–Dumping Act. Lastly, in Count V, Plaintiff Kenneth Caldwell, as Plaintiff ad litem, prayed for damages against Defendants, jointly and separately, for lost chance of survival.

Cox Medical filed its motion to strike Counts II, III, IV and V of Plaintiffs' third amended petition on the basis of the running of the statute of limitations on the lost chance of survival claims. Cox Medical also filed an alternative motion to dismiss Counts II, III, IV and V for failure to state a claim. By leave of court, Cox Medical's motion to strike was amended on November 14, 1994. Cox Medical more specifically asserted that the two year statute of limitations under § 516.105 was applicable to all counts relating to a cause of action of lost chance of survival and the two year statute of limitation barred any claim on the basis of the Federal Patient Anti–Dumping Act. Cox Medical additionally stated that it was not until August 15, 1994, that the trial court appointed a Plaintiff ad litem to pursue the lost chance of survival claim against it and by this time the two year statute of limitations had run on this claim.

In his separate motion to dismiss, Wheeler asserted that Plaintiffs Counts III and V were time barred by the running of the statute of limitations under § 516.105. The trial court's action, striking and dismissing Counts II, III, IV and V, followed.

---

**2.** All statutory references are to RSMo 1986, unless otherwise indicated. All rule references are to Missouri Rules of Civil Procedure (1994), unless otherwise indicated.

**3.** The cause of action is also termed "lost chance of survival." *Smith v. Tang*, 926 S.W.2d 716,

718 (Mo.App.1996); *see also* cases cited under footnote one found in the *Wollen* decision. Since Plaintiffs use the term "lost chance of survival" in their pleadings, we shall refer to this cause of action in this opinion as one for "lost chance of survival."

## I.

As best as we can glean from Plaintiffs' brief, they appear to assert in their first point that the statute of limitations for a claim of lost chance of survival is governed by § 537.100, the same three year statute of limitations applicable to an action for wrongful death, rather than § 516.105, the two year statute of limitations governing actions against health care providers. Additionally, Plaintiffs argue that under Rule 55.33(c) all five counts of their third amended petition relate to and arise from conduct described in their original petition.[4] Therefore, Plaintiffs argue that their allegations, asserting a cause of action against Defendants for lost chance of survival, should relate back to the original filing date of Plaintiffs' petition, February 4, 1992, well within the three year statute of limitations they claim applies. We disagree.

■ First, we determine that Rule 55.33(c) does not authorize Kenneth Caldwell, in his capacity as Plaintiff ad litem to be added as a new party claimant in the third amended petition, so as to relate a claim for lost chance of survival back to the date of the original filing of the petition for wrongful death. Second, we determine that the action for lost chance of survival must have been filed within two years of the date of the negligence or occurrence complained of.

■ Rule 55.33(c) does not aid Plaintiffs in this matter because it applies only to amendments changing the party against whom a claim is asserted, not to an amendment which seeks to add a party. *Schultz v. Romanace,* 906 S.W.2d 393, 395–96 (Mo.App.1995); *Smith v. Overhead Door Corp.,* 859 S.W.2d 151, 152 (Mo.App.1993); *see also Windscheffel v. Benoit,* 646 S.W.2d 354, 356–57 (Mo. banc 1983); *Shroyer v. McCarthy,* 769 S.W.2d 156, 159 (Mo.App.1989).

■ In their third amended petition, Plaintiffs seek to add an additional party, Kenneth Caldwell, in his capacity as Plaintiff ad litem, to pursue the claim for lost chance of survival, then relate it back to the date of the original filing of the wrongful death action. Plaintiff Kenneth Caldwell, as a surviving parent in the original petition for wrongful death, and Kenneth Caldwell in his capacity as Plaintiff ad litem, pursuant to the provisions of § 537.021.1(1), RSMo Cum. Supp.1993 in the prosecution of a claim for lost chance of survival, are legally separate and distinct individuals. *See State ex rel. Tang v. Steelman,* 897 S.W.2d 202, 203 (Mo. App.1995); *see also State ex rel. Jewish Hosp. v. Buder,* 540 S.W.2d 100, 105 (Mo. App.1976); *Briggs v. Cohen,* 603 S.W.2d 20, 23 (Mo.App.1980). Kenneth Caldwell as Plaintiff ad litem, is in legal effect, a stranger to the action. *Jewish Hospital,* 540 S.W.2d at 108. Neither does it matter that Kenneth Caldwell in his individual capacity may have a beneficial interest in the cause of action asserted. *Id.* at 108. His attempted addition as a party plaintiff is tantamount to the filing of a new claim and Rule 55.33(c) does not authorize an amendment which states an entirely new claim. *See Overhead Door,* 859 S.W.2d at 152. "An amendment will relate back to the original petition so as to save the action from the statute of limitations only when the original plaintiff had the legal right to sue and stated a cause of action at the time the suit was filed." *Smith v. Tang,* 926 S.W.2d 716, 719 (Mo.App.1996).

■ Additionally, the Eastern District of this Court held in *Tang* that "[a] lost chance of survival action is a personal injury action which belongs solely to the injured party." *Id.* at 719. A personal injury action arising from a medical malpractice claim (§ 516.105) is barred after two years. Whereas, an "action for wrongful death is an

---

**4.** Rule 55.33(c) reads:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and within the period provided by law for commencing the action against the party and serving notice of the action, the party to be brought in by amendment: (1) has received such notice of the institution of the action as will not prejudice the party in maintaining the party's defense on the merits and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

action separate and distinct from the action for injuries to the decedent." *Gramlich v. Travelers Ins. Co.*, 640 S.W.2d 180, 186 (Mo. App.1982). If death results from medical malpractice, the parties as named in § 537.080, may maintain a wrongful death action within the limitation period set out in § 537.100, *Wilson v. Jackson*, 823 S.W.2d 512, 513 (Mo.App.1992); *Gramlich*, 640 S.W.2d at 185, much in the same manner as when death resulting from any tortious act gives rise to a right of action for wrongful death rather than a personal tort. *Gramlich*, 640 S.W.2d at 185; *Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644, 647 (1947).

As Plaintiffs' claim for lost chance of survival was not filed before January 3, 1992, the attempt to assert the claim in their third amended petition filed July 27, 1994, must necessarily be barred by the running of § 516.105, the statute of limitations applicable herein. *See Briggs*, 603 S.W.2d at 22. We conclude, therefore, that Plaintiffs' cause of action for lost chance of survival was barred after two years from the date of the death of Marshall Caldwell.

## II.

As best as we can glean from Plaintiffs' second point, they appear to argue that the trial court erred in sustaining the amended motion to strike filed by Cox Medical and the motion to dismiss filed by Wheeler relative to Counts II, III, IV and V of Plaintiffs' third amended petition.

Plaintiffs asseverate that Cox Medical and Wheeler waived their respective affirmative defenses of the statute of limitations by failing to attack Plaintiffs' allegations as being untimely. Plaintiffs' allegations in Count II and Count III were first asserted in Plaintiffs' second amended petition. Plaintiffs assert that Counts II and III of Plaintiffs' second amended petition were merely extensions of Counts IV and V of Plaintiffs' third amended petition and properly relate back to the filing of Plaintiffs' second amended peti-

tion. Plaintiffs also urge that Cox Medical and Wheeler waived their affirmative defenses to Plaintiffs' third amended petition when they failed to comply with Rule 55.08's requirements that "a pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." Plaintiffs second point is not meritorious.

We observe that in its answer to Plaintiffs second amended petition, Cox Medical made general allegations denying the three count petition and prayed for dismissal of all counts against it, but it did not specifically assert the bar of a particular statute of limitations. Likewise, Wheeler's answer made general denials as to the allegations contained in Counts I and III of the petition (Count II did not apply to Wheeler), and pleaded that the petition failed to state a cause of action upon which relief could be granted and prayed for dismissal of all counts as to Wheeler.[5]

Whether Cox Medical and Wheeler specifically pled the bar of the statute of limitations in response to Plaintiffs' claim for lost chance of survival in their second amended petition is of no consequence. This is because Plaintiffs, at that point in time in their capacity as individual parents of the deceased, had no standing to bring an action for lost chance of survival. *Wollen*, 828 S.W.2d at 686; *Tang*, 926 S.W.2d at 720. Only the personal representative of the estate had standing to bring such an action. *Wollen*, 828 S.W.2d at 686.

In answer to Plaintiffs' third amended petition, on August 23, 1994, Cox Medical initially filed a motion to strike because of statute of limitations. In its motion, Cox Medical alleged that the statute of limitations had expired as to all counts relating to Plaintiffs' allegations for lost chance of survival, noting the tardy appointment of the Plaintiff ad litem. In a concomitant, alternative motion, Cox Medical sought the dismissal of Counts II, III, IV and V of the third amend-

---

5. It has been held that it is appropriate to raise the defense of the expiration of a statutory period of limitation by motion to dismiss. *Gramlich*, 640 S.W.2d at 184 n. 1; *see also Uber v. Missouri Pacific R.R.*, 441 S.W.2d 682, 683 (Mo.1969).

However, for an affirmative defense to be sustained upon a bare motion to dismiss, the defense must be irrefutably established by the pleadings. *Lehnig v. Bornhop*, 859 S.W.2d 271, 272 (Mo.App.1993).

ed petition, for failure to state a cause of action against Cox Medical.

On September 12, 1994, Cox Medical then followed its answers by the filing of suggestions in support of Defendant's motion to dismiss, wherein it specifically set out the bar of § 516.105 as to Plaintiffs' claim for lost chance of survival. Then on September 21, 1994, Cox Medical filed its suggestions in support of Defendant Cox Medical's motion to strike because of the statute of limitations, again specifically asserting the bar of the two year statute of limitations as to Plaintiffs' cause of action for lost chance of survival.

On November 14, 1994, Cox Medical subsequently filed its amended motion to strike because of statute of limitations, and therein it specifically pled the two year statute of limitations as applying to Plaintiffs' claim for lost chance of survival and the Federal Patient Anti–Dumping Act claim and prayed for dismissal of all counts against Cox Medical.

On August 23, 1994, in separate answer to Plaintiffs' third amended petition, Wheeler made general denials of Counts II and IV thereof and pleaded, in general terms, the bar of the statute of limitations as to Counts III and V. Wheeler then concomitantly filed his motion to dismiss Counts III and V of Plaintiffs' third amended petition alleging that Plaintiffs were not proper parties to bring a claim for lost chance of survival and specifically pled § 516.105 V.A.M.S as barring any of Plaintiffs' claims. This was followed on September 21, 1994, by Wheeler filing his suggestions in support of motion to dismiss Counts III and V. Therein, Wheeler specifically set out § 516.105 as barring Plaintiffs' claims against him.

In *Bauldin v. Barton County Mut. Ins. Co.*, 606 S.W.2d 444 (Mo.App.1980), the court held that the defense of limitation was not waived because it was not immediately asserted by defendant's initial pleadings, since it was asserted in the amended pleadings filed by leave of court. *Id.* at 447. In *Rose v. City of Riverside*, 827 S.W.2d 737, 739 (Mo.App.1992), the affirmative defense of a statute of limitations was not raised in defendant's answer, but was subsequently raised in a motion for summary judgment. Although the plaintiff in that case argued that the issue had been waived by defendant's failure to plead it in its answer, the court held that it would have been an abuse of discretion to have refused to allow the defendant to amend its answer to include a statute of limitations defense. *Id.*

Therefore, having specifically pled the respective statutes of limitations, neither Cox Medical nor Wheeler has waived the defense of the statute of limitations applicable to an action for lost chance of recovery or the Federal Patient Anti–Dumping Act.

Lastly, because of the foregoing discussion, we determine that there has not been a waiver of defenses by Cox Medical or Wheeler to Plaintiffs' second and third amended petitions by their alleged violations of the 'short and plain statements' requirements of Rule 55.08. Their amended motions adequately complied with Rule 55.08's requirements.

The action of the trial court in striking and dismissing Counts II, III, IV and V of Plaintiffs' Third Amended Petition against Respondent Lester E. Cox Medical Centers–South, Inc., and dismissing Counts III and V of the same petition against Respondent Dr. Jeffrey S. Wheeler is affirmed.