**STATE of Missouri ex rel. Linda CUNNINGHAM, Relator,**

v.

**The Honorable John D. WIGGINS, Judge, Division 2 Circuit Court of Phelps County, Respondent.**

No. 26700.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 22, 2005.

Lawrence R. Smith and Steven G. Kaufman of St. Louis, MO, for Relator.

No appearance for Respondent.

JEFFREY W. BATES, Chief Judge.

### PRELIMINARY ORDER IN PROHIBITION MADE ABSOLUTE

Linda Cunningham ("Relator") seeks a writ of prohibition to prevent the Honorable John D. Wiggins ("Respondent") from proceeding any further with respect to the first count of a two-count petition filed against Relator by Eugene Hollis ("Hollis"). Relator contends Respondent must dismiss Count I of the petition because Hollis lacks standing to pursue the cause of action alleged therein. Relator's petition in prohibition is based on the following facts.

On April 14, 2004, Hollis filed a two-count petition in the Circuit Court of Phelps County, Missouri. The caption of the petition listed two plaintiffs: "**LUCILLE HOLLIS,** A deceased person, By and through her Plaintiff Ad Litem, Eugene Hollis, and **EUGENE HOLLIS,** Individually and as Plaintiff Ad Litem For Lucille Hollis...." Relator was named as the defendant in the petition. The introductory sentence of the petition stated: "COMES NOW Lucille Hollis, a deceased person, by and through her Plaintiff Ad Litem, Eugene Hollis, and Eugene Hollis, individually and for their cause of action against the Defendant, Linda M. Cunningham, states to the court as follows...."[1] In the first count of Hollis' petition, he sought to recover damages from Relator for allegedly causing personal injuries to Hollis' deceased wife, Lucille Hollis ("Decedent"), in a motor vehicle collision. In Count II, Hollis pled his own individual

---

1. Since Lucille Hollis is deceased, she should not have been named as a party in the caption of the petition. "Courts have jurisdiction to render judgments for or against viable entities only. A dead person is by definition not a viable entity." *Holmes v. Arbeitman,* 857 S.W.2d 442, 443 (Mo.App.1993); *see Wilkerson v. Williams,* 141 S.W.3d 530, 537 (Mo. App.2004).

claim for loss of consortium based on the personal injuries allegedly inflicted upon his wife by Relator.

Along with the petition, Hollis also filed a motion requesting he be appointed plaintiff *ad litem* for Decedent. This motion contained the following statements pertinent to the issues presented by Relator's petition for a writ of prohibition:

1. Plaintiff Eugene Hollis is the lawful widower of Lucille Hollis, a deceased person, and wishes to bring an action for personal injury sustained by Lucille Hollis on or about April 24, 1999.

2. Upon the death of Lucille Hollis, there was no Estate opened for Lucille Hollis in Maries County, Missouri, the county of residence.

3. Therefore, there is no personal representative to bring a survival action on behalf of Lucille Hollis.

4. The widower of Lucille Hollis, Eugene Hollis, is the most appropriate person to bring this action on her behalf.

Based on the record presented to us, it appears the trial court has never ruled on the motion. Therefore, at present, Hollis is attempting to pursue Decedent's cause of action for personal injuries in Hollis' individual capacity only.

On May 13, 2004, Relator filed a motion to dismiss Count I of the petition. One ground for dismissal asserted in the motion was that Hollis did not have standing to pursue a cause of action for personal injuries to Decedent. On July 16, 2004, Respondent overruled Relator's motion to dismiss. Upon receipt of the ruling, Relator filed a motion for reconsideration which was denied on November 4, 2003.

Shortly thereafter, Relator filed her petition in prohibition with this Court. *See* Rule 97.03. We issued a preliminary order in prohibition, which we make absolute.[2]

"Prohibition lies to prevent a court from acting in excess of its jurisdiction." *State ex rel. East Carter County R–II School Dist. v. Heller*, 977 S.W.2d 958, 959 (Mo.App.1998). Relator challenges Hollis' standing to assert the cause of action pled in Count I of his petition. *Farmer v. Kinder*, 89 S.W.3d 447 (Mo. banc 2002), contains a discussion of standing that is germane here:

> Standing is a jurisdictional matter antecedent to the right to relief. It asks whether the persons seeking relief have a right to do so. Where, as here, a question is raised about a party's standing, courts have a duty to determine the question of their jurisdiction before reaching substantive issues, for if a party lacks standing, the court must dismiss the case because it does not have jurisdiction of the substantive issues presented. Lack of standing cannot be waived.

*Id.* at 451 (citations omitted).

Since standing is jurisdictional, prohibition is a proper remedy when an action is brought by a party who lacks standing. *See State ex rel. Stifel, Nicolaus & Co., Inc. v. Clymer*, 522 S.W.2d 793, 798 (Mo. banc 1975); *State ex rel. Tang v. Steelman*, 897 S.W.2d 202, 203 (Mo.App. 1995); *State ex rel. Eagle Oil Co. v. Tillman*, 712 S.W.2d 20, 22–23 (Mo.App.1986). The dispositive issue here is whether Hollis has standing, either individually or in the capacity of a plaintiff *ad litem*, to pursue Decedent's cause of action for personal injuries.

2. After the issuance of the preliminary order, we were advised that Judge Wiggins has retired. Therefore, our peremptory writ will be directed to the judge who succeeded Judge Wiggins in office as the Division II Circuit Judge in Phelps County, Missouri.

At common law an action for personal injuries did not survive the death of the injured individual. *Plaza Exp. Co. v. Galloway*, 365 Mo. 166, 280 S.W.2d 17, 21 (banc 1955). In Missouri, this common law rule has been abrogated by statute. Section 537.020 states, in pertinent part, as follows:

1. Causes of action for personal injuries, other than those resulting in death, whether such injuries be to the health or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in case of the death of either or both such parties, such cause of action shall survive to the personal representative of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives, and the liability and the measure of damages shall be the same as if such death or deaths had not occurred. . . .

2. The right of action . . . for personal injury that does not result in the death shall be sufficient to authorize and to require the appointment of a personal representative by the probate division of the circuit court upon the written application therefor by one or more of the beneficiaries of the deceased.

Thus, Decedent's cause of action for personal injuries did not abate upon her death, but it survived only to a personal representative of her estate appointed by the probate division of the circuit court. As used in this statute, "personal representative" means a person to whom letters testamentary or letters of administration have been issued in a probate estate. *See Carter v. Pottenger*, 888 S.W.2d 710, 714 (Mo.App.1994).

Hollis' motion for appointment of a plaintiff *ad litem* conceded no estate was opened after his wife's death and no personal representative was ever appointed. Likewise, Hollis' petition shows on its face that he brought suit on Decedent's personal injury claim individually and asked to be appointed plaintiff *ad litem* for Decedent. Because Hollis did not bring suit in the capacity of personal representative of Decedent's estate, he lacks standing to pursue Decedent's cause of action for personal injuries. *See State ex rel. Tang v. Steelman*, 897 S.W.2d 202, 203 (Mo.App.1995); *Carter*, 888 S.W.2d at 714; *Howell v. Murphy*, 844 S.W.2d 42, 49 (Mo.App.1992); *Sauter v. Schnuck Markets, Inc.*, 803 S.W.2d 54, 55 (Mo.App.1990).

Our decision would not change even if Hollis had been appointed plaintiff *ad litem* as he requested. Section 537.021.1(1) authorizes such an appointment, but only for the purpose of pursuing a cause of action for lost chance of recovery or survival. *See Caldwell v. Lester E. Cox Medical Centers–South, Inc.*, 943 S.W.2d 5, 7 (Mo.App.1997); *Smith v. Tang*, 926 S.W.2d 716, 722 n. 2 (Mo.App.1996). Count I of Hollis' petition alleged no such cause of action.

Respondent is ordered to proceed no further upon Count I, except to enter an order dismissing this count of the petition. *See State ex rel. Tang v. Steelman*, 897 S.W.2d 202, 203 (Mo.App.1995).

SHRUM and BARNEY, JJ., Concur.