STATE ex rel. CECIL GILBERT GERBER, Relator, v. HONORABLE WALDO C. MAYFIELD, Judge of the Circuit Court, City of St. Louis, Missouri, Respondent, No. 44691—281 S. W. (2d) 295.

Court en Banc, July 11, 1955.

*Evans & Dixon* and *William W. Evans* for relator.

*William S. Bahn* and *Bahn & Gerhard* for plaintiff in original action and for respondent in opposing petition for writ of prohibition.

[295] WESTHUES, J.—Relator filed a petition in this court asking that the respondent Waldo C. Mayfield, Judge of the Circuit Court of the City of St. Louis, Missouri, be prohibited from assuming jurisdiction of a case filed in his court under the style of William Sinders and Genevieve Sinders, Plaintiffs, vs. Clyde Bradley, Marlyn Leroy Holliday, and Cecil Gilbert Gerber, Defendants.

The facts out of which the case arose were as follows: On April 3, 1954, a Mercury automobile collided with a tractor-trailer truck on U. S. Highway 66 in Pulaski County, Missouri. Beverly Joan Sinders, a minor daughter of William and Genevieve Sinders, was seriously injured. She was taken to the City of St. Louis, Missouri, where she died in a hospital as a result of the injuries sustained in the collision.

The parents of this minor child filed suit in the Circuit Court of the City of St. Louis, Missouri, to recover damages for the wrongful death of their minor child. Plaintiffs and their daughter were residents of the State of Texas. The defendants named in the petition were Cecil Gilbert Gerber, operator of the Mercury car involved in the collision, who was a resident of Texas, and Clyde Bradley, owner of the tractor-trailer, and Marlyn Leroy Holliday, agent of Bradley and operator of the tractor-trailer, residents of the State of Michigan. It will be noted that all parties are nonresidents of the State of Missouri.

The defendant Gerber filed a motion to quash the issuance of summons and the return thereon on the theory that the venue of the cause of action was in Pulaski County, Missouri. Respondent Judge denied the motion whereupon Gerber applied to this court for a writ of prohibition. A preliminary writ was issued and the case was argued at the April Session and briefs were filed.

[296] The sole question presented is the proper venue of this case: Is venue in the City of St. Louis where the daughter of plaintiffs died or is such venue in Pulaski County where the collision occurred which resulted in the injuries causing the death?

This question calls for our interpretation of Section 506.290 RSMo 1949, V.A.M.S. It reads as follows:

"Any suit under the provisions of sections 506.200 to 506.320 shall be filed in the county in which the cause of action accrues or in the county where the plaintiff resides, and if there be other defendants in such action who are residents of the state of Missouri, then such action shall be brought in any county in which any one of said defendants reside, or in the county within which the plaintiff resides and the defendant may be found."

Respondent contends that the cause of action accrued in the City of St. Louis because that is the place where plaintiffs' daughter died. It is argued that until the victim died, there was no cause of action for death. Citing Nanney v. I. H. Shell & Son, Mo. App., 138 S.W. (2d) 717, and McComb v. Vaughn, 358 Mo. 951, 218 S.W. (2d) 548. There was no question of venue in the McComb case. This court in discussing the question of a cause of action based on injury and the proper person to maintain the suit said (218 S.W. (2d) l.c. 551(5)): "In our opinion the deceased's declaration was not admissible as an admission. At the time the declaration by decedent was made there

was no claim or cause of action in him or in any plaintiffs herein. When he was injured a claim for the injury was vested in the deceased and existed in him until his death, when the claim abated. After his death the abated claim was not transmitted to his widow, plaintiff Lagatha, by way of revival or survival of the claim upon which deceased might have recovered had he lived. But, upon his death, a new and distinct cause of action sprang into being and accrued to plaintiff Lagatha. This occurred only upon the death of deceased and by virtue of statute.'' And so, in the Nanney case, supra, no question of venue was discussed. The St. Louis Court of Appeals ruled, as did this court in the McComb case, that where an injured person died as a result of injuries, a cause of action arose for the wrongful death. We have no fault to find with the rulings in those cases. However, they do not rule the question before us.

We are of the opinion that the Missouri Legislature intended to and did, in fact, fix the venue of actions of this nature, that is, actions based on Section 506.210 RSMo 1949, V.A.M.S., involving the operation of cars on the state highways by nonresidents, in the county where the wrongful conduct causing injury or damage occurred. That, as we view it, is the only practical construction of the statute. A construction that the venue, in case of death, is in the county where the injured person died, would defeat the very purpose of the statute. For example: If a person injured in Missouri and taken to another state for treatment should die in that state, suit could not be maintained in this state. Our ruling that the venue in a case such as this must be in the county where the injury was inflicted is supported by good authority.

In the case of Melton's Adm'r. v. Southern Ry. Co., (Ky.) 33 S. W. (2d) 691, the decedent was injured in Virginia and later died in the State of Kentucky. Suit was filed in the State of Kentucky. The Supreme Court of Kentucky, 33 S.W. (2d) l.c. 693 (4-7), in discussing venue in cases of this nature, said: ''Under familiar law, appellant's cause of action herein, if any, is governed by the law of the state of Virginia where the accident occurred, although appellant's decedent died in this state. 17 C. J. 1255. Appellant's right is not based on the death of his decedent, but on the wrongful causing of that death by the appellee. That occurred in Virginia and it was there that the injury was done the appellant. He may not have had a cause of action until his decedent died, as held in Louisville & N.R. Co. v. Simrall's Adm'r, 127 Ky. 55, 104 S.W. 1011, 31 Ky. Law Rep. 1269, but that is a very different [297] question from the one concerning where the injury was done him.''

A like ruling was made in Vancouver S. S. Co. v. Rice, 288 U. S. 445, 53 S. Ct. 421. There a person was injured on a vessel in navigable waters. The person died in the State of Oregon. A suit was filed in an Oregon court for the wrongful death as provided in an Oregon

statute. The Supreme Court of the United States held that "The right to recover for death depends upon the law of the place of the act or omission that caused it and not upon that of the place where death occurred." See also Campbell v. Rio Grande Western R. Co., (Utah) 52 P. 594; Konold v. Rio Grande W. Ry. Co., (Utah) 51 P. 256; Royal Indemnity Co. v. Atchison, T. & S.F. Ry. Co., 70 N.Y.S. (2d) 697, l.c. 700, 701 (2, 3).

In Anderson v. Linton, 178 F.(2d) 304, l.c. 308 (2), the court said: "True it is that the alleged negligent fabrication and construction of the trailer hitch described in the complaint occurred in Illinois and the case at bar was filed in that State, but the injuries to the plaintiff and her husband were sustained in Iowa. The locus delicti is the place where the accident occurred, and where the injuries were inflicted, as distinguished from the place of the incipient negligence, 25 C.J.S., Death, Sec. 28, p. 1098; Hunter v. Derby Foods, Inc., 2 Cir., 110 F. 2d 970, 133 A.L.R. 255."

In criminal cases, the venue is in the place where the wrong was committed. For example: Suppose the defendants in this case had been guilty of such a degree of negligence as would justify a prosecution for manslaughter. The venue of the crime would be in Pulaski County and not in the City of St. Louis, Missouri. No manslaughter prosecution would be maintained unless the victim died. It would be immaterial where the victim died; the venue would be in the county where the wrong was inflicted.

In construing a statute, the object to be accomplished must be considered. 82 C.J.S. 593, Sec. 323, and cases there cited. The purpose of the statute in question was to fix venue in the State of Missouri for the trial of cases based on negligent operation of motor vehicles on the highways of this state by nonresidents of Missouri. See Sections 506.200-506.320 RSMo 1949, V.A.M.S. That being the purpose of the statute, it necessarily follows that the proper venue of the suit filed by William and Genevieve Sinders for the wrongful death of their daughter is in the county where the alleged wrong was done. We rule that the venue of this case under the admitted facts lies in Pulaski County, Missouri.

Our preliminary rule in prohibition is made absolute. It is so ordered. All concur.