Gloria GRAMLICH, et al.,
Plaintiffs-Appellants,

v.

The TRAVELERS INSURANCE COMPANY, et al., Defendants-Respondents.

No. 43236.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer Denied Oct. 15, 1982.

Application to Transfer Denied Nov. 15, 1982.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

---

1. Appellant gave no answer to the interrogatory in question.

Mark I. Bronson, St. Louis, for plaintiffs-appellants.

Ralph C. Kleinschmidt, St. Louis, for defendants-respondents.

STEWART, Presiding Judge.

The status of this litigation defies a simple introductory statement. Essentially it involves two appeals from different peti-

tions in an action for damages for malpractice originally brought by Thomas Gramlich and his wife, and an action by Mr. Gramlich's wife and children for his death.

The issue sought to be presented as to Travelers is whether plaintiffs are precluded from suing a workers' compensation insurance carrier for "malpractice."

The issue as to other defendants who are respondents here is whether plaintiffs' wrongful death action is barred by the statute of limitations with respect to actions for malpractice, § 516.105, RSMo 1978 or whether the provisions of § 537.100, RSMo Supp.1981, which limits the time for bringing an action for wrongful death is applicable and that the action is barred because Mr. Gramlich could not have recovered because his action was barred by the statute of limitations.

As discussed hereinafter, we conclude that we must view the action of the court as a dismissal of the petitions as to all of the defendants who are respondents rather than as summary judgment. In our review of this case the facts alleged in plaintiffs' petition and reasonable inferences from those facts will be taken as true and the petition will be given a liberal interpretation. *Stix and Co., Inc. v. First Missouri Bank and Trust Co. of Creve Coeur*, 564 S.W.2d 67, 69–70 (Mo.App.1978).

On December 26, 1976, Thomas Gramlich injured his left leg, knee and hip while at work. The primary injury was a fracture of the left femur. Mr. Gramlich was treated by Dr. Blair through November, 1977. Dr. Blair had X-rays of Mr. Gramlich's left femur and pelvic area taken during the course of treatment. On March 3, 1977, Dr. Egan took X-rays of the areas involved at St. Luke's Hospital. His diagnosis was probable fibrous dysplasia. Mr. Gramlich was admitted to St. Luke's Hospital by Dr. Blair on June 19, 1977, where X-rays were taken by Dr. Lang. The discharge diagnosis by Dr. Blair was essentially the same as Dr. Egan's diagnosis. In December of 1977, Mr. Gramlich was examined by Dr. Mell. At that time he was complaining of pain in the anterior left thigh and groin area. X-rays were taken at Dr. Mell's direction and compared with prior X-rays. In addition to the conclusions reached in the former X-rays, Dr. Mell diagnosed additional underlying bony abnormality, presumably fibrous dysplasia, with considerable proliferation of callus in the area. Dr. Mell continued to treat Mr. Gramlich through April 19, 1978. The doctor took X-rays on four occasions after the first visit. In May of 1978, Mr. Gramlich learned that he had a malignant bone tumor in the area of the injury and thereafter his left lower extremity was amputated. The cancerous condition eventually resulted in Mr. Gramlich's death on July 26, 1980. It is charged that defendants were negligent in failing to diagnose and treat the cancerous condition at an early stage.

Mr. Gramlich had filed a suit for damages charging malpractice on January 10, 1980, prior to his death.

Before we discuss the primary issues, we first analyze the status of the litigation. On January 10, 1980, a little over three years after the injury to Mr. Gramlich, he and his wife filed suit in six counts for injury to Mr. Gramlich and for loss of consortium to Mrs. Gramlich. Various counts of the petition were dismissed as to the original petition. Those plaintiffs then filed a first amended petition. The court dismissed the first amended petition as to Travelers and made the dismissal of the first amended petition final for purposes of appeal and plaintiffs appealed from the order of dismissal. The death of Mr. Gramlich was suggested in this court and Mrs. Gramlich, as executrix of his estate, was substituted for Mr. Gramlich as a party plaintiff.

After the appeal was filed, Mr. Gramlich died and a second amended petition was filed. This petition added the minor children of Mr. Gramlich as parties plaintiff and included Count VII for wrongful death of Mr. Gramlich against all defendants, including Travelers. Mrs. Gramlich, as executrix of the estate of her husband, was substituted for her husband in the counts for personal injury. Upon motion of the

defendants, with the exception of Travelers, Counts I, II, III, IV, the actions for the injuries to Mr. Gramlich and loss of consortium to Mrs. Gramlich, and Count VII, the wrongful death action, were dismissed as to defendants Vilray Blair, Jr., M.D., Vilray Blair, Jr., M.D., Ltd., St. Luke's Hospital West, John J. Lang, M.D., and Thomas F. Egan, M.D. because the actions were barred by the statute of limitations. Travelers moved to dismiss Count VII, the only count before the trial court as to Travelers. This motion was sustained. The court denied the motions to dismiss Counts V and VI which sounded in concealment of Mr. Gramlich's condition. The court denied the motions to dismiss of defendants Roger Mell, M.D. and St. Louis-Clayton Orthopedic Group, Inc.

The court made its order dismissing Count VII final for the purposes of appeal, Rule 81.06. The orders dismissing other counts of the second amended petition will become final and appealable when a final judgment is entered in the case.

We have before us two separate petitions in the same case. We consider first the appeal of plaintiffs Gloria Gramlich, executrix, and Gloria Gramlich from the order of dismissal of the first amended petition as to Travelers and the appeal by the plaintiffs from the dismissal of Count VII of the second amended petition as to Travelers.

We must first consider the nature of the dismissal as to Travelers, a matter not addressed by the parties. Must we consider the dismissal to be based upon the failure of the petition to state a cause of action under Rule 55.27(a)(6) or as summary judgment under the last part of Rule 55.27(a). The latter reference provides in effect that a motion to dismiss for failure to state a claim upon which relief can be granted may be treated as a motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court" and all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04, the rule governing summary judgment.

As a minimum, there must be some indication by the court communicated to all parties that it is treating the motion to dismiss as a motion for summary judgment. The court must give notice of the changed status of the motion along with an opportunity to present pertinent material. The appellate court, in making a determination of the nature of the proceeding, is bound by the record before it. *Laclede Gas Co. v. Hampton Speedway Co.,* 520 S.W.2d 625 (Mo.App.1975).

Travelers' motion sought dismissal "for the reason that this defendant, as shown by the pleadings, is engaged in the business of providing workmen's compensation insurance and is not, and is not authorized to be, a health provider under the law. All of this defendant's liability to the plaintiffs is fully controlled and governed by the provisions of the Illinois Workmen's Compensation Act and plaintiff's claim under said act has been fully compromised and settled as per copy of Settlement Contract Lump Sum Petition and Order attached." A document titled Settlement Contract Lump Sum Petition and Order is attached to the motion to dismiss.

The order of the court reads as follows:

"Motion of Travelers Insurance Company to dismiss called, heard argued and granted."

Although the settlement document was attached to the motion to dismiss, pleadings do not prove themselves. *Light v. Lang,* 539 S.W.2d 795 (Mo.App.1976). The record is devoid of notice to the parties that the motion would be considered as a motion for summary judgment. In fact, plaintiffs argue that the defense set up in the motion is an affirmative defense that must be proved. There is no evidence that the settlement document was formally presented to and considered by the trial court. We cannot treat the order of the trial court as a summary judgment. *Stix & Co., Inc. v. First Missouri Bank & Trust Co. of Creve Coeur,* 564 S.W.2d 67, 69 (Mo.App.1978).

Plaintiffs plead on this appeal that Mr. Gramlich was injured at work and that

"Travelers was the Workmen's Compensation insurer of Plaintiff's employer at the time of his said injury at work and provided and furnished Plaintiff with the medical care and treatment of Defendants, Blair, Mell, Egan, Lang and Vilray Blair, Jr., M.D., Ltd., St. Luke's Hospital West and St. Louis-Clayton Orthopedic Group, Inc. . . . all of whom at all times mentioned herein, acted individually and as the agents, servants and employees of Defendant, Travelers, and under the direction, supervision and control of Defendant, Travelers . . . ." The petition goes on to allege the negligence of the defendants, and plaintiff's injuries.

Although the first amended petition alleges that Mr. Gramlich was injured at work and that the Travelers provided medical care, it does not allege that the injury was compensable, nor does it state facts from which it can be inferred that the injury was compensable. Although we could speculate that the injury occurred in Illinois, we cannot come to that conclusion by reading the petition.

By reading the petition we can only conclude that plaintiff was injured, that he was treated by persons who were agents, servants and employees under the supervision and control of Travelers, that plaintiff suffered injury by reason of the malpractice of Travelers as the principal of the persons who treated Mr. Gramlich. Plaintiffs' first amended petition states a cause of action for malpractice against Travelers.

On the record before us we can only reverse and remand to the trial court for further proceedings.

We next consider the appeal of Gloria Gramlich, the widow of Thomas, Eric Gramlich, a minor by next friend, and Craig Gramlich, the children of Thomas Gramlich, with respect to the dismissal of Count VII of the second amended petition.

Count VII alleges that Thomas Gramlich died on July 26, 1980 as a direct result of the malpractice of all the defendants. The trial court, upon motion, dismissed the action as to all defendants except Roger Mell, M.D. and St. Louis-Clayton Orthopedic Group, Inc.[1] It held that the action was barred by the statute of limitation pertaining to actions for malpractice.

Plaintiffs contend that the limitation of three years from date of death mandated by § 537.100, RSMo Supp.1981, the Wrongful Death Act, is applicable to the exclusion of § 516.105, RSMo 1978, the statute with respect to the limitation of actions for malpractice.

The portions of the Wrongful Death Statute, § 537.080, RSMo Supp.1981 pertinent to this case read as follows:

*"537.080 Action for wrongful death— who may sue—limitation.—*

Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive. . . ."

The limitation upon the time to bring an action for wrongful death is found in § 537.100, RSMo Supp.1981.

"Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue . . . ."

The statute of limitation as to malpractice, as it bears on our consideration of this case reads as follows:

*"516.105 Actions against health care providers* . . .

---

1. The bar of the statute of limitation may be raised by a motion to dismiss. *Uber v. Missou-* *ri Pacific Railroad,* 441 S.W.2d 682 (Mo.1969).

All actions against physicians, hospitals, ... and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for malpractice, negligence, error or mistake related to health care shall be brought within two years from the date of occurrence of the act of neglect complained of ...."

Another statute that must be considered with respect to limitation of actions is § 516.300, RSMo 1978, which provides:

"The provisions of section 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute."

Defendants would argue that the action stated in Count VII is an action for malpractice and is governed by § 516.105, RSMo 1978, the statute of limitation that governs actions for malpractice. Alternatively, they argue that plaintiffs may not bring this action because if Thomas Gramlich had not died he would not have been "entitled to recover damages" against these defendants because Mr. Gramlich's action for injuries was barred by § 516.105, the statute with respect to malpractice and thus the beneficiaries could not recover under § 537.080, RSMo Supp.1981.

The Supreme Court has unequivocally held that an action by statutory beneficiaries for death by reason of malpractice is an action for wrongful death and not an action for malpractice. In *Baysinger v. Hanser,* 199 S.W.2d 644 (Mo.1947), the court said, *l.c.* 647:

"When the wrong of malpractice ... results in ... death the ... suit and the object of [the] action is of necessity for and under the wrongful death statute and not for the personal wrong of malpractice [citation omitted] in the same manner that death resulting from any tortuous act gives rise to a right of action for the wrongful death rather than for the personal tort."

This case is an action for wrongful death and not an action for malpractice. It necessarily follows that this case should be governed by the limitation provided in the wrongful death statute, § 537.100.

Defendants contend that the plaintiffs' cause of action for the wrongful death of Thomas Gramlich is also barred under the provisions of § 537.080, RSMo Supp.1981, which provides that the action for wrongful death can be maintained only if the injured person would have been entitled to recover damages; that Thomas Gramlich could not have recovered inasmuch as his cause of action was barred by the malpractice statute of limitation as to the defendants who are respondents in this action; and thus the plaintiffs may not recover under § 537.080.

Also closely related to the issue is § 537.-085, RSMo Supp.1981:

"On the trial of such action to recover damages for causing death, the defendant may plead and prove as a defense any defense which the defendant would have had against the deceased in an action based upon the same act, conduct, occurrence, transaction, or circumstance which caused the death of the deceased, and which action for damages the deceased would have been entitled to bring had death not ensued."

The issue as presented to us has not been determined by the courts of this state. There is a divergence of views in other states.[2]

We find the case of *Silverman v. Lathrop,* 168 N.J.Super. 333, 403 A.2d 18 (1979) persuasive. The facts in that case closely follow the factual situation in the present case. The wrongful death statute there

---

2. Allowing recovery:
  *DeHart v. Ohio Fuel Gas Co.,* 84 Ohio App. 62, 85 N.E.2d 586, 590 (1948); *Silverman v. Lathrop,* 168 N.J.Super. 333, 403 A.2d 18, (1979).
  Disallowing recovery:
  *Street v. Consumers Mining Corp.,* 185 Va. 561, 39 S.E.2d 271 (1946); *Piukkula v. Pillsbury Astoria Flouring Mills Co.,* 150 Or. 304, 42 P.2d 921 (1935)—rehearing denied 150 Or. 304, 44 P.2d 162 (1935).

also provides for a cause of action on the part of the beneficiary if the circumstances were "such as would, if death had not ensued, have entitled the person injured to maintain an action for damages." *Silverman v. Lathrop, supra,* 403 A.2d at 22. The court there held that the time-bar of the personal injury-survival action did not operate to bar the wrongful death action. Reasoning that when the injured person dies as a direct result of the injuries suffered, a new and separate cause of action arises with its own period of limitation.

■ We believe the better view to be that the statutory beneficiary may not recover in those cases where a deceased never had a cause of action against the defendants or where there was substantial defense which could be invoked, such as contributory negligence. Illustrative of those cases in which the deceased never had a cause of action against the defendant is *Klein v. Abramson,* 513 S.W.2d 714 (Mo.App.1974). In .that case it was held that defendant's stepdaughter could not sue the stepfather for death of her mother, the defendant's wife, because the deceased could not have maintained an action against her husband. In *Zuber v. Clarkson Construction Co.,* 315 S.W.2d 727, 733 (Mo.1958), the contributory negligence of the deceased was held to be a viable defense to an action for wrongful death. We have found no case in Missouri where the procedural bar of the statute of limitation as to the injured party was used to defeat a wrongful death action.

The action for wrongful death is an action separate and distinct from the action for injuries to the decedent. It cannot arise and the statutory beneficiaries can take no action with respect to their claim until after the death occurs. The wrongful death action has its own limitation which is substantial in nature rather than procedural. *Baysinger v. Hanser, supra* at 646.

The position we take is given additional support by reason of § 516.300, RSMo 1978, which in effect provides that the provisions of § 516.105, limitations with respect to malpractice "shall not extend to any action which is or shall be otherwise limited by

any statute but such actions shall be brought within the time limited by such statute."

The wrongful death action does not accrue until death occurs. The wrongful death statute has its own limitation. § 537.100, RSMo Supp.1981. As we read § 516.300, RSMo 1978, the statute of limitations applicable to actions for wrongful death is the only statute of limitations that could be invoked to defeat the claim of plaintiffs in this case. The action for wrongful death was commenced within the time limitations of § 537.100.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

STEPHAN and CRANDALL, JJ., concur.