**James R. DZUR, M.D. Kirk Bowman, Jr., M.D., and Southeast Missouri Hospital, a benevolent corporation, Relators,**

**v.**

**The Honorable Gary M. GAERTNER, Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

No. 47302.

Missouri Court of Appeals, Eastern District, Division Three.

July 5, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1983.

Donald P. Thomasson, Jeffrey S. Maguire, Cape Girardeau, Maurice B. Graham, Robin E. Fulton, Fredericktown, for relators.

Mark I. Bronson, St. Louis, for respondent.

CRIST, Judge.

Relators seek a writ of prohibition claiming improper venue in respondent Circuit Court of St. Louis City, Missouri, and therefore a lack of jurisdiction to proceed in a wrongful death action filed against relators in that court. We make the preliminary writ of prohibition absolute.

Helen L. Bates, decedent, resided in Cape Girardeau County (Cape). Drs. Dzur and Bowman, also residents of Cape, medically treated decedent at Southeast Missouri Hospital, similarly located in Cape. On December 30, 1979, decedent was transferred from Southeast Missouri Hospital to Barnes Hospital in the City of St. Louis, where she subsequently died on January 2, 1980.

Larry G. Points, a natural child of decedent, brought an action against Southeast Missouri Hospital and the two doctors in the Circuit Court of the City of St. Louis alleging malpractice and negligence committed in Cape eventually caused the death of his mother in the City of St. Louis. "(A)n action by statutory beneficiaries for death by reason of malpractice is an action for wrongful death and not an action for malpractice." *Gramlich v. The Traveler's Ins. Co.,* 640 S.W.2d 180, 185 (Mo.App.1982).

A cause of action for wrongful death under § 537.080 *et seq.,* RSMo Supp. 1979 "accrues" in two separate and distinct senses. As to *time,* for purposes of calculating the statute of limitations, the cause of action "accrues" to the statutory beneficiaries when the death occurs. *Gramlich, supra.* With respect to venue, however, the cause of action "accrues" at the place where the wrong complained of was committed. *See State ex rel. Gerber v. Mayfield,* 365 Mo. 255, 281 S.W.2d 295, 296–97 (1955). Although the statutory beneficiary may not have a cause of action until the decedent dies, the cause of action is not based on the death but on the wrongful causing of the death. *Id.* Therefore, venue is determined by § 508.010 RSMo 1978 and the term "accrued" as used in that statute refers to the place where the wrongful conduct occurred.

Insofar as all defendants reside in Cape Girardeau County and the wrongful acts complained of occurred exclusively in that county, venue in the City of St. Louis is improper. In Missouri, improper venue is a jurisdictional defect. *State ex rel. Hails v. Laskey,* 546 S.W.2d 512, 514 (Mo.App. 1977). Therefore respondent is permanently prohibited from all further action herein except to dismiss the case, assessing costs against plaintiff, Larry G. Points.

DOWD, P.J., and SIMON, J., concur.