STATE of Missouri ex rel. W. Clifton BANTA, Jr., Relator,

v.

Honorable Melvyn W. WIESMAN, Circuit Judge of St. Louis County, Respondent.

No. 63622.

Missouri Court of Appeals, Eastern District, Writ Division Three.

Oct. 5, 1993.

Rehearing Denied Nov. 10, 1993.

John L. Oliver, Jr., Cape Girardeau, for relator.

Kristopher T. Schmidt, St. Louis, for respondent.

CRAHAN, Presiding Judge.

Relator, W. Clifton Banta, Jr. ("Father") is a resident of Mississippi County, Missouri and sole defendant in an action brought by his son Russell Banta ("Son") in the Circuit Court of St. Louis County. Father sought and obtained our preliminary writ in prohibition to restrain Respondent from further proceedings against him on the ground that venue is improper in St. Louis County and that the proper venue in this action is in Mississippi County. We order our preliminary writ heretofore issued be made permanent and order Respondent to take no further action except to transfer the underlying cause to Mississippi County.

Son's petition against Father is in four counts captioned "False Imprisonment" (Count I); "Abuse of Process" (Count II); "Prima Facie Tort" (Count III); and "Outrageous Conduct" (Count IV). All counts are based on the same alleged facts. Son alleges that he and Father are residents of Mississippi County.

According to the petition, on November 4, 1990, Son voluntarily admitted himself to the psychiatric unit of St. Anthony's Medical Center, which the parties concede is in St. Louis County. Three days later, after being informed by a relative that Son had been admitted to St. Anthony's, Father filed a petition for appointment of a limited guardian of the person and limited conservator of the estate in Mississippi County. Father's petition alleged that Son was incapable of taking prescribed medications necessary for

his well being and had engaged in actions dangerous and harmful to his person and others.

Father requested an emergency guardianship hearing, which was held on November 8, 1990, while Son remained in St. Anthony's. Son was represented by appointed counsel. At the conclusion of the hearing, Father was appointed guardian for a period not to exceed thirty days for the purpose, *inter alia*, of "authorizing and consenting to such treatment for [Son's] mental illness as is appropriate under the circumstances, including both in-patient and out-patient treatment in appropriate medical and mental health facilities."

Son further alleges that "as a result of [Father's] action and pursuant to the power granted to him by the court order of November 8, 1990," Son was detained in maximum security at St. Anthony's from November 4 through November 29, 1990 "against the medical advice of plaintiff's physicians at St. Anthony's Medical Center."

According to the petition, Son was to be discharged from St. Anthony's against Father's wishes on November 29, 1990. Instead, Father instructed St. Anthony's to detain Son until Father could make arrangements to transfer him to another facility. Thereafter, Father arranged for Son's transportation by ambulance from St. Anthony's to St. Bernard's Regional Medical Center in Jonesboro, Arkansas under conditions of maximum security, including admission of Son under a fictitious name to conceal Son's presence and identity from others, specifically his girlfriend. After forty-eight hours of solitary confinement, St. Bernard's discharged Son against Father's wishes because of insufficient medical evidence to detain him.[1]

Son predicates venue for this action on § 508.010(6) RSMo 1986, which provides:

Suits instituted by summons shall, except as otherwise provided by law, be brought:
. . .

1. The minutes of the guardianship/conservatorship proceeding in Mississippi County indicate that a further hearing was held on December 6, 1990, which resulted in appointment of a new guardian of the person, to which Son consented. The guardianship was apparently terminated on January 29, 1992.

**376**

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, ...

The parties agree that there are no cases directly on point but both cite and rely on *Dzur v. Gaertner,* 657 S.W.2d 35 (Mo.App. 1983) for the proposition that the term "accrued" as used in the suit refers to "where the wrongful conduct occurred." Son maintains that the wrongful conduct here was his confinement, which occurred in St. Louis County. Father maintains that it is clear from the face of the petition that all of his conduct occurred in Mississippi County. In fact, so far as is apparent from the record before us, Father never left Mississippi County.

*Dzur* involved an action for wrongful death under § 537.080 brought in the City of St. Louis alleging medical malpractice by a hospital and two doctors who treated the decedent in Cape Girardeau. The decedent was later transferred to St. Louis where she died. Although acknowledging that the decedent's death was an element of the beneficiary's cause of action and determinative of *when* the cause of action accrued, the court held that venue was dependent upon where the *wrongful conduct* occurred, not where the death occurred. Thus, venue in the City of St. Louis was improper. *See also State ex rel. Gerber v. Mayfield,* 281 S.W.2d 295, 296–97 (Mo. banc 1955).

Here, our analysis is hampered somewhat by Son's attempt to shoehorn what appears to be a fairly garden variety action for breach of fiduciary duty into ill-fitting theories of "false imprisonment," "abuse of process," and the ever popular "prima facie tort" and "outrageous conduct."[2] Assuming *arguendo* that some or all of the theories may be applicable to the facts alleged, we do not believe *Dzur* is helpful to Son's analysis. Son focuses on the alleged *effect* of Father's conduct—*i.e.,* his confinement. The teaching of *Dzur,* however, is that it is the place of defendant's wrongful conduct, not the place where the effect of that conduct is ultimately felt or realized that is controlling for venue purposes.

Here, all of Father's conduct occurred in Mississippi County pursuant to his appointment as guardian in Mississippi County. Thus, under the analysis articulated in *Dzur,* we find no basis to support venue in St. Louis County and order our preliminary writ heretofore issued be made permanent. Respondent shall take no further action except to transfer the cause to Mississippi County.

CARL R. GAERTNER and SIMON, JJ., concur.

---

2. Although the viability of these theories is not before us, we believe it appropriate to emphasize that nothing in this opinion should be interpreted as holding that the petition is sufficient to state a claim under any or all of these theories.