# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2075

_____

| | | |
|---|---|---|
| Marvin J. Bockelman; Kathleen M. Bockelman; W. Milton Von Holten, Co-trustee of the Von Holten Family Trust; Jeanette I. Von Holten, Co-trustee of the Von Holten Family Trust, | * * * * * * | |
| | * | Appeal from the United States |
| | * | District Court for the |
| Plaintiffs/Appellants, | * | Western District of Missouri. |
| | * | |
| v. | * | |
| | * | |
| MCI Worldcom, Inc., | * | |
| | * | |
| Defendant, | * | |
| | * | |
| Union Pacific Railroad Company, | * | |
| | * | |
| Defendant/Appellee. | * | |

_____

Submitted: February 14, 2005
Filed: April 6, 2005

_____

Before WOLLMAN, McMILLIAN, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Appellants Marvin and Kathleen Bockelman and W. Milton and Jeannette Von Holten (Landowners) appeal from the district court's[1] grant of summary judgment against them. We affirm.

## I.

On July 26, 1902, the St. Louis, Kansas City and Colorado Railroad Company (St. Louis Railroad) acquired by warranty deed a strip of land from Jacob and Anna Von Holten. The deed read, in pertinent part:

> WITNESSETH, That the said parties of the first part [(the Von Holtens)], for and in consideration of Three Hundred and Fifty DOLLARS, to them paid by the said party of the second part [(the St. Louis Railroad)], the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm, unto the said party of the second part...[a] strip of land one hundred (100) feet wide, having a uniform width of fifty (50) feet on each side of the center line of the railroad of said Company, as the same is now located across the tracts of land described as follows...TO HAVE AND TO HOLD the same together with all the rights, immunities, privileges and appurtenances, the same belonging unto the said party of the second part and its successors and assigns forever, the said parties of the first [part] hereby covenanting that they and their heirs, executors, and administrators shall and will WARRANT AND DEFEND the title to the premises unto the said party of the second part, and unto its successors and assigns FOREVER against the lawful claims of all persons whomsoever.

The strip of land conveyed by the deed was made part of the St. Louis Railroad as it then ran through the state of Missouri. The St. Louis Railroad was succeeded by the Chicago, Rock Island and Pacific Railroad Company (Rock Island Railroad).

---

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

The Rock Island Railroad was later succeeded by the St. Louis Southwestern Railroad Company.

Approximately ninety years after the original 1902 deed, appellee MCI Worldcom Network Services, Inc. (MCI), leased from the Southern Pacific Telecommunications Company (as grantee of the St. Louis Southwestern Railroad Company) the rights to install fiber optic cable underneath the strip of land and to construct an above-ground fiber optic regeneration station on the strip of land.[2] Appellee Union Pacific Railroad Company subsequently succeeded to the rights of both the Southern Pacific Telecommunications Company and the St. Louis Southwestern Railroad Company under the lease.

The Landowners, two married couples who each own a tract of land adjoining the disputed strip, brought a declaratory judgment action in Missouri state court against Union Pacific and MCI on May 5, 2000,[3] seeking a declaration that Union Pacific and MCI did not possess the right to use the strip of land for fiber optic network purposes. They claimed that the original deed from Jacob and Anna Von Holten to the St. Louis Railroad conveyed a mere easement for railroad purposes and, accordingly, asserted their right as adjoining landowners to enforce the terms of the alleged easement. See Brown v. Weare, 152 S.W.2d 649, 655 (Mo. 1941) (when a railroad acquires an easement, fee to the land over which the easement runs resides in adjacent landowners). Union Pacific and MCI removed the suit to the United States District Court for the Western District of Missouri on the basis of diversity of

[2]Although Union Pacific and its predecessors apparently had ceased in the interim to use the strip of land for the carriage of railroad traffic, Union Pacific contends that it had not ceased to use the strip for railroad purposes. Because we conclude that the deed conveyed to the St. Louis Railroad a fee simple interest in the strip of land, however, we need not further address the issue.

[3]Qwest Communications Corporation was also named in the state action, but was later dismissed.

citizenship, and the Landowners were permitted to add claims for injunctive relief and damages. After cross-motions for summary judgment, the district court granted summary judgment against the Landowners and in favor of Union Pacific and MCI, holding that the deed between Jacob and Anna Von Holten and the St. Louis Railroad conveyed a fee simple interest in the disputed strip of land.

## II.

We review a grant of summary judgment *de novo* and apply the same standards as the district court. Hossaini v. W. Mo. Med. Ctr., 140 F.3d 1140, 1142 (8th Cir. 1998). Summary judgment is warranted if the evidence, viewed in the light most favorable to the nonmoving party, shows that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Id.

Missouri law controls our analysis in this diversity case, and thus we review the district court's interpretation of Missouri law *de novo*. Bass v. Gen. Motors Corp., 150 F.3d 842, 846-47 (8th Cir. 1998). In addition, we are bound by the decisions of the Missouri Supreme Court regarding issues of substantive state law. Id. at 847. If the Missouri Supreme Court has not yet addressed a particular issue, "we may consider relevant state precedent, analogous decisions, considered dicta, ...and any other reliable data." Id. (citations and quotations omitted). Decisions from Missouri's intermediate appellate court (the Missouri Court of Appeals) are "particularly relevant," and must be followed when they are the best evidence of Missouri law. Knouse v. Gen. American Life Ins. Co. (In re Gen. American Life Ins. Co. Sales Practices Litig.), 391 F.3d 907, 911-12 (8th Cir. 2004).

## III.

The Landowners contend that the July 26, 1902, deed from Jacob and Anna Von Holten to the St. Louis Railroad conveyed a mere easement for railroad purposes rather than a fee simple interest. We disagree. In Missouri, railroads may hold, purchase, or convey a fee in land when the land in question is conveyed for a valuable

-4-

consideration and when the deed contains no restrictions on the quantum of the title conveyed. Schuermann Enters., Inc. v. St. Louis County, 436 S.W.2d 666, 668 (Mo. 1969).

If the land is conveyed without valuable consideration, the conveyance is a "voluntary grant," and the interest conveyed is merely an easement. Brown, 152 S.W.2d at 652-53. To be termed a valuable consideration, and thus avoid classification as a voluntary grant, the consideration given under a deed must be substantial, as opposed to merely nominal. Id. at 654. As consideration for the strip of land at issue, the St. Louis Railroad gave $350, which is equivalent to approximately $7,400 in 2003 dollars. We have no doubt that such an amount constitutes substantial, and thus valuable, consideration, and the Landowners make no serious argument that it does not. Instead, the Landowners contend that, even assuming that the disputed strip of land was exchanged for a valuable consideration, the quantum of title conveyed to the St. Louis Railroad was restricted to an easement for railroad purposes.

The quantum of title conveyed to a railroad may be restricted in two ways. First, the deed may describe the parcel conveyed as a "right of way." Id. at 652; Moore v. Mo. Friends of the Wabash Trace Nature Trail, Inc., 991 S.W.2d 681, 685-86 (Mo. Ct. App. 1999). Second, the deed may limit the use of the parcel to railroad purposes. Brown, 152 S.W.2d at 652; Moore, 991 S.W.2d at 685-87. The presence of either restriction indicates that the railroad takes only an easement, as opposed to a fee simple, pursuant to the deed. Brown, 152 S.W.2d at 652.

Neither restriction is present in the deed at issue here. Rather than describing the land in question as a "right of way," the deed uses the term "strip of land" to denote the parcel conveyed. The use of such language is indicative of the conveyance of a fee simple absolute. Homan v. Hutchison, 817 S.W.2d 944, 949 (Mo. Ct. App. 1991). Furthermore, the deed does not limit the use of the strip of land conveyed to

railroad purposes, or to any other purposes for that matter. It simply conveys the strip of land to the St. Louis Railroad. Finally, the deed's use of the phrase "TO HAVE AND TO HOLD the same together with all the rights, immunities, privileges and appurtenances," as well as its use of the terms "grant, bargain and sell," provides further evidence that the grantors intended to convey a fee simple. See University City v. Chicago, Rock Island & Pac. Ry. Co., 149 S.W.2d 321, 325 (Mo. 1941) ("grant, bargain and sell"); Bayless v. Gonz, 684 S.W.2d 512, 513 (Mo. Ct. App. 1985) ("to have and to hold...").

The Landowners nevertheless contend that, pursuant to City of Columbia v. Baurichter, 729 S.W.2d 475 (Mo. Ct. App. 1987), we are permitted to look to other deeds executed soon after the July 26, 1902, deed in order to ascertain the grantors' intent regarding the interest conveyed by that deed. We are permitted to do so, however, only when the language in the deed is ambiguous. Id. at 479. The disputed deed in Baurichter used both "strip of land," which indicates the conveyance of a fee simple absolute, and "road," which usually indicates the conveyance of a right of way only, to describe the parcel in question. Id. Because the language of the deed itself conflicted, and was therefore ambiguous, the court looked to other deeds executed shortly after the disputed deed in order to ascertain the grantor's intent. Id.

The July 26, 1902, deed contains no such ambiguity. The granting clause of the deed describes the parcel conveyed as a "strip of land," and the deed uses no alternative terms to identify the parcel. To the extent that the deed uses the term "railroad" in the granting clause, that term is used to provide a physical description of the centerline of the parcel conveyed and not to describe the parcel itself. Accordingly, we need not look outside the bounds of the deed in order to determine the grantor's intent, which was to convey a fee simple interest. Because Union Pacific possesses a fee simple interest in the disputed strip of land, the Landowners have no interest to enforce. See Nigro v. Ashley, 690 S.W.2d 410, 417 (Mo. Ct. App. 1985).

Our holding that the deed conveyed a fee simple interest also disposes of the Landowners' argument that the St. Louis Railroad's charter limits the quantum of interest that the railroad could obtain in property acquired "for right of way." Because the strip of land at issue here was not, by the express or implied language of the deed, limited to railroad right of way purposes, such an argument fails. To the extent that the Landowners also contend that the terms of the charter operated as an implied limitation on the type of interest that the St. Louis Railroad could obtain in any property, we disagree. The charter stated that the railroad's purpose was "to construct, maintain and operate a standard gauge railroad, and in connection therewith to construct, maintain and operate a line or lines of telegraph and a line or lines of telephone" running through various points in Kansas and Missouri. Such language does not, however, restrict the type of interest that the St. Louis Railroad could obtain in order to effectuate those purposes. Therefore, although the manner in which the St. Louis Railroad chose to acquire the strip of land in question may have been unorthodox, the railroad's charter did not bar it from doing so.

The judgment is affirmed.

_____