# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

―――――――

No. 05-3504

―――――――

Ruth Stern,

    Plaintiff - Appellant,

v.

Internal Medicine Consultants, II, LLC;
Herbert B. Zimmerman, M.D.,

    Defendants - Appellees.

\* Appeal from the United States
\* District Court for the Eastern
\* District of Missouri.

―――――――

Submitted: March 17, 2006
Filed: June 29, 2006

―――――――

Before COLLOTON, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

―――――――

JOHN R. GIBSON, Circuit Judge.

Ruth Stern appeals from the district court's[1] summary judgment order in this diversity action brought under Missouri's Wrongful Death Statute, Mo. Rev. Stat. § 537.080 (2000), based on the alleged medical malpractice that caused the death of her son, David Stern. She contends that Herbert B. Zimmerman, M.D. and his practice, Internal Medicine Consultants, II, LLC (collectively "physicians"), negligently delayed the diagnosis and treatment of David's cancer. Before David died he filed a

―――――――――――――

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

medical malpractice action against the physicians with identical allegations of negligence. David settled his lawsuit and signed a release, and the district court concluded that his release precluded Ruth Stern from bringing a wrongful death claim following her son's death. We affirm.

I.

In this review of an order of summary judgment, we view the facts in the light most favorable to the non-movant, Ruth Stern. Thomas v. Union Pac. R.R. Co., 308 F.3d 891, 893 (8th Cir. 2002). David Stern was a patient of the physicians for approximately four years. During that time he complained of numerous problems including pain and difficulty with his bowels and colon. The physicians diagnosed his condition as hemorrhoids. Within seven weeks of leaving the physicians' care, David learned that he had a cancerous tumor in his colon that had metastasized to his liver. He was told that his cancer was in an advanced state and that his condition was terminal. He underwent surgery and chemotherapy.

David filed his malpractice complaint in late 2001, five months after learning that he had cancer. He alleged that the physicians' failure of care caused a delay in the diagnosis of his cancer, which in turn caused the cancer to advance and spread to other areas of his body and to become terminal. He sought damages including lost income, lost chance of recovery, and punitive damages.

David Stern entered into a settlement with the physicians on November 5, 2002, and he executed a release of claims and dismissed his action in exchange for $875,000. In the release he signed, David agreed to release the physicians from "all actions, causes of action, claims, demands and damages, whether or not now known or contemplated, of whatever name or nature, in any manner arisen, arising, or to arise as a result of treatment rendered to David Stern, including any potential future claim

for wrongful death, as more particularly expressed in a lawsuit filed by David Stern" against the physicians.

David Stern died on March 17, 2004. Seven months later, his mother Ruth Stern filed this action under the Missouri wrongful death statute to recover damages for his death. Her complaint included the same statements with respect to the physicians' alleged negligence that had been set forth in David's complaint. Ruth Stern alleged different damages, however. The damages she claimed include funeral expenses and the deprivation of the reasonable value of David Stern's services, companionship, comfort, instruction, guidance, and support. These items of damage are all recoverable under Missouri law in a wrongful death claim. See Mo. Rev. Stat. § 537.090 (2000).[2]

The physicians moved for summary judgment on the ground that David Stern's release barred Ruth Stern's claims against them as a matter of law. The district court rejected Ruth's argument that she had a separate and independent legal claim for damages which could not be released by David's settlement of his personal injury claim. The district court granted summary judgment to the physicians, holding that Ruth could not satisfy the requirement under Missouri law that she plead and prove that her son could have maintained a cause of action for personal injuries had he survived, and that the physicians could successfully assert the affirmative defense of release pursuant to Mo. Rev. Stat. § 537.085 (2000). Ruth Stern appeals from the judgment.

---

[2]The statute was amended in 2005, but the version published in 2000 applies to Ruth Stern's claim.

II.

We review de novo the district court's grant of summary judgment. Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005). Because this is a diversity case, Missouri law controls the substantive issues, and we review de novo the district court's interpretation of that law. Id.

Missouri does not recognize a common law cause of action for wrongful death. Rather, such claims are brought pursuant to statute. Sullivan v. Carlisle, 851 S.W.2d 510, 512 (Mo. 1993). The statute authorizes the action with the following language:

> Whenever the death of a person results from any act . . . which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who . . . would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for . . . .

§ 537.080.1. The statute also addresses available defenses:

> On the trial of such action to recover damages for causing death, the defendant may plead and prove as a defense any defense which the defendant would have had against the deceased in an action based upon the same act . . . which caused the death of the deceased, and which action for damages the deceased would have been entitled to bring had death not ensued.

§ 537.085. Finally, the statute sets forth a list of damages that may be recovered:

> In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium,

companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death. . . . In addition, the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death and for the recovery of which the deceased might have maintained an action had death not ensued.

§ 537.090.

Ruth Stern argues that the district court erroneously interpreted the statute by holding that her wrongful death claim is precluded by her son's release in his malpractice action. The district court held that, because of the release, Ruth Stern could not satisfy the statutory requirement that her son would have been able to pursue a personal injury claim had he survived. In addition, because the physicians could have asserted the release as an affirmative defense against David Stern had he brought another personal injury claim, they were also entitled to assert it against his mother's wrongful death claim.

The district court correctly held that the answer to whether David Stern's release of his claims operates to preclude his mother's wrongful death claim is found in Strode v. St. Louis Transit Co., 95 S.W. 851 (Mo. 1906) (en banc). See Bass v. General Motors Corp., 150 F.3d 842, 847 (8th Cir. 1998) ("In resolving any substantive issues of state law, we are bound by the decisions of the Missouri Supreme Court."). Strode was a wrongful death action involving an express company wagon driver, Dill, whose wagon was hit by the defendant's street car. Dill did not seem to be seriously hurt immediately after the accident and was able to return to work. Within a few days of the accident, the transit company offered to settle the express company's property damage claim but would not do so unless Dill would agree to release any personal injury claim he might have. Dill chose to sign the release in spite of having back pain, and the express company received and kept the settlement money

in return for its own and Dill's releases. Dill died within two months of causes that may have resulted from the collision. 95 S.W. at 851-52.

Dill's children brought a wrongful death action against the transit company, alleging that its negligence was the proximate cause of Dill's fatal injuries. A jury returned a verdict for the transit company, and the trial court granted a new trial because of an instructional error. <u>Id.</u> The Supreme Court reversed and remanded with directions to enter judgment for the transit company. <u>Id.</u> at 856.

The issue before the Supreme Court was "whether or not, where a person is injured through the negligence . . . of another, and before death, makes a settlement with the wrongdoer, can his widow or children yet maintain an action for the death and accrued damage, if any, by reason thereof." <u>Id.</u> at 853. The Court determined that Dill's release barred a wrongful death claim by his children.

Ruth Stern argues that <u>Strode</u> is no longer good law because the damages that are now available to wrongful death plaintiffs were not included in the statute as it then existed.[3] She points out that <u>Strode</u>'s analysis had as its focus the prevention of double recovery that could occur if the injured person received a settlement and the wrongful death plaintiff recovered damages to compensate the same loss. She asserts that double recovery is no longer possible because wrongful death damages are separate and distinct from any damages the decedent might have received.

Missouri's wrongful death statute has been significantly amended from the original Damage Act in effect at the time of the <u>Strode</u> decision. The version that applies to Ruth Stern's claim was enacted in 1979, and it allows plaintiffs to recover

---

[3]In her brief on appeal, Ruth Stern also argued that <u>Strode</u> does not apply because it treated a wrongful death action as a right transmitted from the decedent's cause of action as opposed to a new and independent cause of action. She abandoned that position at oral argument, and thus we have no reason to discuss it.

damages beyond the pecuniary damages authorized by the Damage Act. See §
537.090; Sullivan, 851 S.W.2d at 514 ("The [amended] statute is primarily intended
to compensate bereaved survivors for the loss of the decedent's companionship and
support."). Wrongful death plaintiffs now have the right to recover damages that
compensate their own losses that arose by virtue of and following the injured person's
death. Ruth Stern argues that the district court's judgment is not consistent with the
Missouri legislature's detailed list of these unique damages that are available to a
wrongful death plaintiff in addition to any damages the decedent would have been
entitled to recover.

Under her argument, Ruth Stern's wrongful death claim would not be precluded
by her son's settlement; only those items of damages for which he was compensated
would be unavailable to her. The argument fails because it confuses a cause of action
with a measure of damages.

> In general, an action and its subject matter is the fact or facts which give
> rise to a right of action. . . and must not be confused with the damages,
> even though damages may be one of the essential prerequisites to
> recovery. Damages may be an element of, but not of itself a cause of
> action.

Jackson v. St. Louis-San Francisco Ry. Co., 211 S.W.2d 931, 936 (Mo. 1948). Ruth
Stern's wrongful death claim cannot be dependent upon the measure of damages she
seeks. Rather, her claim is dependent upon whether she can satisfy the statutory
requirement that her son could have pursued a claim at the time of his death. Because
he settled his malpractice claim during his lifetime, he no longer had a viable claim
when he died. This statutory requirement is a corollary to a longstanding rule of
Missouri law:

> The gist and foundation of the right in all cases is the wrongful act, and
> that for such wrongful act but one recovery should be had, and that if the
> deceased had received satisfaction in his lifetime, either by settlement

and adjustment or by adjudication in the courts no further right of action existed.

Strode, 95 S.W. at 856. The Missouri Supreme Court later reaffirmed this principle with a different approach: "With her death (absent a settlement of her cause of action) then sprang up for the first time (under the Damage Act) a cause of action in her husband." State ex rel. Thomas v. Daues, 283 S.W. 51, 56 (Mo. 1926) (en banc) (emphasis added). Taken together, these statements reveal the Missouri Supreme Court's conclusion that the fact that a wrongful death action is independent of a claim brought by the injured decedent does not mean that a settlement of the latter has no effect on the continued viability of the former. The same "wrongful act" was alleged in both David's and Ruth's complaints, and David received compensation for the act by way of his settlement. The release he signed in connection with that settlement was satisfaction for the wrongful act.

This fundamental rule of law has not changed with the addition of new categories of damages available to plaintiffs under the Wrongful Death Act. See Powell v. Am. Motors Corp., 834 S.W.2d 184, 186 (Mo. 1992) ("[T]he scheme of damages under the Missouri Wrongful Death Statute suggests that damages should be recovered on behalf of [the injured party] or [the wrongful death plaintiff], but not both."). The district court properly held that Ruth Stern cannot maintain a claim pursuant to § 537.080 because she cannot show that her son had a viable cause of action at his death. He recovered damages by way of settlement and released any remaining claims he may have had against the physicians.

The district court also properly held that the physicians are entitled to assert the release as an affirmative defense to Ruth Stern's action. The clear language of § 537.085 allows a defendant to raise as a defense to a wrongful death claim any defense that would have been available in a cause of action the decedent could have

-8-

brought.[4]  In this instance, David Stern's release would have been a valid and complete defense to any claim he might have asserted against the physicians arising out of their medical care.  So, too, the release is available to the physicians in their defense of Ruth Stern's wrongful death claim.  This does not mean that we construe David Stern's release to relieve the physicians of liability to someone not a party to the release.  Rather, David Stern released his own potential claim, thereby ensuring that he was no longer entitled to bring an action.  According to § 537.080.1, a wrongful death claim can be brought only if the decedent would have been entitled to recover damages "if death had not ensued."  David Stern would not have been entitled to recover additional damages from the physicians because he released any such right.  As a consequence, his mother was not entitled to bring a wrongful death claim.  "It was the clear intent of the legislature that as the viability of common law defenses changes, so does the availability of recovery under the statute."  Miller v. Smith, 921 S.W.2d 39, 45 (Mo. Ct. App. 1996).

III.

Ruth Stern contends that Missouri law does not condition her cause of action on the status of her son's claim at the time of his death, but rather upon whether her son ever had a viable claim.  Ruth Stern relies upon an opinion from the Missouri Court of Appeals, Eastern District, Gramlich v. The Travelers Ins. Co., 640 S.W.2d 180 (Mo. Ct. App. 1982), which she characterizes as "express[ing] the present view in Missouri regarding its current wrongful death statute."

---

[4]Ruth Stern asserts that a distinction exists between substantial and procedural defenses, that only the former are effective to defeat a wrongful death claim, and that the defense of release falls into the latter category.  We find no support for this assertion, and it is refuted by the clear statutory language authorizing "any defense which the defendant would have had against the deceased in an action based upon the same act."  Mo. Rev. Stat. § 537.085 (emphasis added).

In Gramlich, an injured employee and his wife brought a medical malpractice and other claims against his employer's workers' compensation insurance carrier and several medical providers. The employee died while the case was pending, and his wife filed an amended petition which added a wrongful death claim. The issue in the case was whether the time-bar of the employee's malpractice action operated to bar his widow's wrongful death action.

The Court of Appeals held that the applicable statute of limitations is that specifically written for wrongful death actions, Mo. Rev. Stat. § 537.100. Gramlich has no bearing on the issue as to whether Ruth Stern's wrongful death action is viable in view of David Stern's release of his personal injury claims. To the extent it has any relevance to this case, we note that Gramlich stated its belief that the "better view" of what bars recovery for a wrongful death plaintiff includes "whether there was [a] substantial defense which could be invoked." 640 S.W.2d at 186. The bar of the release clearly fits Gramlich's description.

Even if Gramlich spoke to the issue before us, which it does not, it would not apply because the Supreme Court decided the issue in Strode. We are bound by that decision. See Bass v. General Motors Corp., 150 F.3d 842, 847 (8th Cir. 1998).

IV.

Ruth Stern cannot satisfy the requirements of § 537.080 as a matter of law. Accordingly, we affirm the judgment of the district court.

_____